## THE STATE v. ABRAHAM PLANT, Appellant.

**Division Two, February 18, 1908.**

1. **LARCENY: Diamond Ring: Proof of Theft of Diamond Stud: Variance.** Evidence tending to prove larceny of a diamond shirt stud does not constitute proof of larceny of a diamond ring. So that where the information charged defendant with stealing a diamond ring, that charge is not sustained by evidence that he stole a diamond stud from the shirt of the prosecuting witness. Such a case is not one of variance between allegation and proof, but one of a failure of proof.

2. ————: ————: ————: **Removing Diamond from Stud.** The information charged that defendant in the city of St. Louis "one diamond ring of the value of three hundred dollars, all the money, goods, chattels and personal property of Thomas Kerr, then unlawfully did steal, take and carry away from the owner thereof." The evidence showed that defendant was a bell-boy at a hotel in Shreveport, Louisiana, and that Kerr while stopping at that hotel lost from his shirt a diamond stud of the value of three hundred dollars; that immediately thereafter defendant was arrested in Shreveport, and held several days and released, there being no evidence against him that he took said diamond stud; that afterwards defendant was arrested in St. Louis and in his possession was a diamond ring, and the evidence tended to prove that the diamond in the said ring was the same diamond that was lost by Kerr in Shreveport, and that was the State's case. Defendant's evidence tended to show that he had owned a diamond ring prior to the theft in Shreveport, and experts testified that it is impossible to identify stones after they have been removed from their original settings. *Held,* that there was a total failure of proof. A diamond stud being a distinct and separate thing from a diamond ring, proof of the theft of the stud did not sustain the charge of larceny of the diamond ring.

3. **FAILURE OF PROOF: Instructions.** Where there is no proof of the charge alleged in the information, there is nothing upon which to predicate instructions.

4. **LARCENY: Recent Possession.** Where the proof shows the theft of a diamond stud in Shreveport, Louisiana, on October 18th, and the possession by defendant of a diamond ring in St. Louis on or about December 18th, an instruction which tells the jury that if they find from the evidence that the property or any part thereof was found in the exclusive possession of defendant recently after the 18th of December, he is presumed to be guilty of the theft, is erroneous for the reason that it completely ignores the interval between the 18th of October and the 18th of December.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

REVERSED AND REMANDED.

*James C. Shaner* and *E. N. Robinson* for appellant.

(1) There was a total failure of proof in this case. Defendant is charged in the information with stealing a diamond ring; he was convicted of the offense charged in the information; there is not one line of testimony that a ring was ever lost by the prosecuting witness. This is a total failure of proof. State v. Ballard, 104 Mo. 634; State v. Smith, 31 Mo. 120; Berrien v. State, 83 Ga. 381; Gray v. State, 11 Tex. App. 411; State v. McDonald, 10 Mont. 21; Barclay v. State, 55 Ga. 179; Rangel v. State, 1 Tex. App. 461; Coffelt v. State, 27 Tex. App. 608; Gerard v. State, 10 Tex. App. 690; State v. McGraw, 74 Mo. 573; State v. Babb, 76 Mo. 501; Hughes, Criminal Law and Procedure, sec. 483; 1 Bishop's New Criminal Procedure, sec. 486. (2) Instruction 4 is erroneous, inconsistent and improper; it assumes the truth of facts in dispute and improperly declares the law as to recent possession. State v. Castor, 93 Mo. 242; State v. Taylor, 111 Mo. 538;

State v. Bruin, 34 Mo. 537; State v. Crank, 75 Mo. 406; State v. Sidney, 74 Mo. 390; State v. Babb, 76 Mo. 501.

*Herbert S. Hadley,* Attorney-General, *N. T. Gentry,* Assistant Attorney-General, and *C. A. Newton* for the State.

(1)    The evidence shows clearly, and the jury found, that the stone which was in the stud when stolen at Shreveport, Louisiana, was the same stone which was found in defendant's ring in St. Louis, Missouri. Both the date and the venue set out in the information in this case are fictitious, but this fiction is justified under the laws of this State (sec. 2362, R. S. 1899). Hemmaker v. State, 12 Mo. 453; State v. Mintz, 189 Mo. 290; State v. Butler, 67 Mo. 62; State v. Smith, 66 Mo. 62; Johnson v. State, 47 Miss. 671; People v. Mellon, 40 Cal. 648.    It was the rule at common law, and has also been enacted in our statute (sec. 2362, R. S. 1899), that each transportation of stolen property from one county to another is a fresh theft.    State v. Williams, 147 Mo. 19; Hemmaker v. State, 12 Mo. 453; State v. Jackson, 86 Mo. 18.    It is a well-settled rule of law that where the information charges defendant with stealing any number of articles, proof as to the larceny of any one is sufficient to sustain a conviction.    State v. Thompson, 137 Mo. 623; R. S. 1899, sec. 2534; State v. Ballard, 104 Mo. 636; State v. Hutchinson, 11 Mo. 236; State v. Wommack, 70 Mo. 411; State v. Smith, 80 Mo. 520; State v. Sharp, 71 Mo. 221; State v. Harl, 137 Mo. 256; State v. Pullen, 43 Mo. App. 623; State v. Crow, 107 Mo. 345; State v. Sharp, 106 Mo. 109.    (2) An examination of the record in this case discloses the fact that defendant failed to bring the matter of variance to the attention of the trial court, either by demurrer to the evidence at the time of the trial, in his motion for a new trial, or in

his motion in arrest of judgment.    He should not be permitted to urge it in the appellate court, and the appellate court should not consider it.    State v. Ballard, 104 Mo. 636; State v. Sharp, 106 Mo. 109.

FOX, P. J.—This cause is brought to this court by appeal on the part of the defendant from a judgment of conviction of grand larceny in the circuit court of the city of St. Louis.    The information upon which the judgment in this cause rests, omitting formal parts, is as follows:

"Richard M. Johnson, assistant circuit attorney, in and for the city of St. Louis, aforesaid, within and for the body of the city of St. Louis, on behalf of the State of Missouri, upon his official oath, information makes as follows:

"That Abraham Plant, on the 18th day of December, in the year of our Lord one thousand nine hundred and six, at the city of St. Louis aforesaid, one diamond ring of the value of three hundred dollars, all the money, goods, chattels and personal property of Thomas Kerr, then and there unlawfully and feloniously did steal, take and carry away from the owner thereof, with the intent then and there to deprive the owner of the use thereof, and to convert the same to his own use; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

Upon the trial of this cause the evidence on the part of the State tended to prove that on or about the 18th day of October, 1906, in the city of Shreveport, State of Louisiana, one Thomas Kerr, while stopping at the Caddo Hotel, in said city and State, lost one diamond stud of about the value of three hundred dollars.    The evidence further tended to prove that said Abraham Plant was at said time a bell-boy employed in said hotel; that while acting in said capacity and

while said Thomas Kerr was stopping at said hotel,
the said diamond stud was missing, and that imme-
diately thereafter said defendant was arrested and
searched by the police of said city and held in custody
for several days and finally released, there being no
evidence against him that he took said diamond stud;
that afterwards, to-wit, on or about the 18th day of
December, 1906, said defendant, Abraham Plant, came
to the city of St. Louis and State of Missouri, and
that on the said 18th day of December he was arrested
by the police of said city and in his possession was
found a diamond ring; that after the arrest and incar-
ceration, and at the time of said trial, evidence was
introduced tending to prove that the diamond in said
ring was the same diamond lost by the prosecuting
witness on said 18th day of October in the city of
Shreveport, Louisiana.     This is substantially the evi-
dence produced on the part of the State.

The defendant introduced evidence in the form
of depositions of some four or five people who had
known him in the city of Shreveport, and who testi-
fied that they had seen in his possession a diamond
ring similar to the one in question, and had seen this
in his possession some time previous to the time of
his arrest for this alleged offense in Shreveport.   Ap-
pellant also testified in his own behalf, stating that
he had come into possession of this diamond ring some
six or eight months previous to his first arrest by get-
ting it from a jockey in the city of Dallas, in the State
of Texas; that it had been in his possession and the
possession of his wife ever since he secured it in Texas.
Defendant also introduced three witnesses, namely,
William Kranke, Julius Yeager and M. Levy, who qual-
ified as experts with reference to the value of dia-
monds, and also as to whether it is possible to identify
diamonds after they have been removed from their
original settings, and who testified that it is impossible

to identify stones after they have been removed from their original settings.

At the close of the evidence the court instructed the jury. We do not deem it essential to here reproduce the instructions given, but will give them such attention as we think necessary in the course of the opinion. The cause being submitted to the jury they returned a verdict finding the defendant guilty of grand larceny as charged in the information and assessed his punishment at imprisonment in the penitentiary for two years. Timely motions for new trial and in arrest of judgment were filed and by the court overruled. Judgment and sentence were entered in conformity to the verdict and from this judgment defendant prosecutes his appeal, and the record is now before us for consideration.

## OPINION.

The record before us presents but two propositions, that is to say,

FIRST. Was the evidence as developed at the trial upon the charge preferred against the defendant sufficient to support the judgment of conviction, or in other words was there an absolute failure of proof as to the charge contained in the information in this cause?

SECOND. Did the instructions as given by the court properly declare the law as applicable to this case?

### I.

The first proposition may be embraced within a very narrow compass. The defendant in the information upon which this judgment of conviction is predicated is charged with unlawfully and feloniously stealing one "diamond ring" of the value of three hundred dollars of the property of Thomas Kerr. The proof

introduced, as testified to by the prosecuting witness, was that the property which he complained was stolen from him was a "diamond stud," as he puts it, which he left in his shirt.    This simply confronts us with the proposition as to whether or not evidence tending to prove larceny of a diamond shirt stud is sufficient proof, or in other words, does it constitute any proof of the larceny of a diamond ring as charged in the information.    In our opinion the statement of the proposition furnishes its own answer.

The property charged to have been stolen in the information and the property which the proof tends to show was stolen, a diamond shirt stud, are as clearly separate and distinct articles of property as two different species of animals.    If we should inquire of the proprietor or clerk in a jewelry establishment to show us a diamond ring, by no means would they exhibit to us a diamond shirt stud, and the reverse is equally true: if we should ask for a diamond shirt stud, we would regard them as not understanding their business if they should exhibit to us a diamond ring.

Section 22, article 2, of the Bill of Rights, embraced in the Constitution of this State, expressly provides that "in criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation."    If this provision of the organic law of this State means anything, or is longer to be regarded as having any force and vitality, then we see no escape from the conclusion that when the State in this prosecution charges the defendant with stealing a certain article of property and then undertakes to prove the stealing of a separate, distinct and different article of property, it absolutely fails to comply with the provisions of the Constitution as herein indicated.

That a diamond ring and a diamond shirt stud are clearly distinct and different articles of property,

in our opinion is too plain for discussion, and it is beyond the ingenuity of any expert in criminal pleading to describe either one of those articles so as to embrace the other. The name and description of one embraced in an information or indictment necessarily excludes the other.

It does not satisfactorily answer this proposition to say that the diamond set in the ring or shirt stud constitutes the principal value. That may be true, but the information charges the stealing of a diamond ring of a certain value, and that embraced the value of both the ring and the diamond; and equally true as to the diamond stud, the value as fixed by the prosecuting witness embraced both the value of the diamond and the stud in which the stone is placed. The question of variance has no application to this cause. There is an absolute failure of proof of the stealing of the article charged to have been stolen in the information. The well-recognized rule in criminal pleading is that the property charged to have been stolen must be alleged in the indictment or information, and a variance has application to where the proof does not strictly conform to the description of the article as alleged in the pleading, but the law by no means recognizes it as simply a variance where the charge designated the article of property stolen and the proof shows an entirely separate and distinct article of property. In the latter case it amounts to an absolute failure of proof.

## II.

Having reached the conclusion as heretofore indicated upon the first proposition that there was a failure of proof, there is no necessity for discussing the instructions given by the court. There being no proof of the charge alleged in the information, hence there was nothing upon which to predicate instructions. How-

ever, it may be that the State will prosecute the defendant upon a new charge for stealing a diamond stud or stealing a diamond which was set in a shirt stud; therefore it may be well to indicate our views upon instruction numbered 4 as given by the court applicable to the subject of recent possession.   In our opinion that instruction was erroneous.   It was as follows:

"If you find from the evidence that the property mentioned in the information, to-wit, one diamond ring or a diamond now set in a ring, was the property of Thomas Kerr, and that it was stolen in the city of St. Louis, Missouri, as heretofore defined, or on or about the 18th day of December, 1906, and that recently thereafter the same or any part thereof was found in the exclusive possession of the defendant, then the defendant is presumed to be guilty of the theft, and the law will further presume that the thief resorted to and made use of all the means necessary to gain access to and possession of such stolen property, and the burden is on him to rebut or overcome such presumption to your satisfaction, but not beyond a reasonable doubt.   The presumption of guilt arising from the mere naked fact of possession of stolen goods may be rebutted by proof showing that such possession was obtained or came about in a manner consistent with the innocence of the defendant, by the evidence in the case, or the circumstances attending such possession, or by the combined weight of one or more of the kinds of evidence just mentioned."

It will be observed that the diamond stud which the prosecuting witness complained of losing was taken on the 18th day of October, 1906, in the State of Louisiana, and this instruction directs the jury that if they find that recently after the 18th of December the property or any part thereof was found in the exclusive possession of the defendant, then the defendant is pre-

sumed to be guilty of the theft.     That instruction is erroneous for the reason that it completely ignores the interval between the 18th day of October, the date the property is said to have been stolen, and the 18th day of December, and excludes such interval of time from the consideration of the jury in passing upon the question of recent possession.

We have indicated our views upon the propositions disclosed by the record in this cause, which results in the conclusion that the judgment of the trial court should be reversed.     It is therefore ordered that the judgment be reversed and the cause remanded with a view that such orders may be made touching a new charge as the court may deem proper in accordance with the provisions of the statute.

All concur.