FLANNERY v. THE KANSAS CITY, ST. JOSEPH & COUNCIL BLUFFS RAILROAD COMPANY, *Appellant.*

**Appellate Practice:** ABSTRACT. When a respondent or defendant in error does not file an additional abstract, the appellate court will accept that of appellant or plaintiff in error as containing a correct statement of the record and will not go behind the abstract.

*Certified from Kansas City Court of Appeals on Division of Opinion in that Court.*

AFFIRMED.

*Strong & Mosman* for appellant.

The defect in the transcript, which made the occasion for certifying the case, was not known by counsel on either side till after the hearing of the appeal, and after the opinion of the majority reversing the judgment was written, filed and published. It was unknown by

that majority until after the opinion was written. In the court of appeals, respondent's counsel did not complain or suggest a diminution of the record, nor ask that the case be stricken from the docket. So far as we know, he has not claimed, and does not now claim, anything as against the sufficiency or authenticity of record. Under the rule announced by that court, he ought not to be heard to deny that it was a true record.

*C. W. Freeman* for respondent.

BRACE, J.—At the March term, 1886, of the Kansas City court of appeals, a decision was rendered in this case reversing the judgment of the circuit court of Platte county ( 23 Mo. App. 120 ), wherein one of the judges of said court sitting in the case delivered a dissenting opinion in which he says : " In this case, what purports to be a bill of exceptions has been considered by a majority of the court as a bill of exceptions proper, because it has been so considered by the counsel on either side. The fact is, the paper purporting to be a bill of exceptions is not signed by the judge of the trial court, and therefore is not a part of the record in the case. * * * I deem the decision in this case contrary to the decisions in *State v. Jones*, 58 Mo. 506, and *Smith v. Railroad*, 55 Mo. 601, and the case should be certified to the supreme court." It was accordingly so certified.

Since the case has been in this court, a certificate of the clerk of the circuit court of Platte county has, by agreement, been filed herein, showing that the original bill of exceptions was duly signed by the judge of the circuit court. The omission of his signature in the transcript was a clerical inadvertence. The majority of the court of appeals, in reply to the dissenting opinion, say :  " * * * By rule 15 of this court, it is provided in substance that in all cases the appellant or

plaintiff in error shall file with the clerk of this court, on or before the day on which the cause is docketed, five copies of a printed abstract or abridgment of the record in said cause, setting forth so much thereof as is necessary to a full understanding of all the questions presented to this court for decision, together with a brief containing in numerical order the points or legal propositions relied on, with citation of authorities, etc. The rule then provides that copies of this abstract shall be furnished to the opposite party, who shall, within eight days thereafter, deliver to the appellant or plaintiff in error a copy of his brief in response, with briefs and points relied on, and any such further abstract of the record as he may deem necessary, and shall file with the clerk said briefs, etc., before the hearing of the cause. Under this rule this court has repeatedly and uniformly held that, where respondent or defendant in error does not file any additional abstract, we will accept that of appellant or plaintiff in error as containing a correct statement of the record, and we will not go behind the abstract. * * * The appellant in this case complied with this rule. The respondent filed no counter abstract controverting the correctness of appellant's abstract in the particular in question. The abstract expressly states, on page 23, that thereupon in due time the defendant (appellant) filed its bill of exceptions. This was accepted as correct in considering the case. * * * The respondent made no objection to this recitation in the abstract, and no point thereon in his brief and argument, but throughout has treated this case as if the exceptions were duly taken and saved. * * * The record recites that the bill of exceptions was duly presented and signed by the judge and is made a part of the record. It is quite clear that the omission of the judge's name at the bottom of the bill of exceptions is a mere clerical mistake in transcribing the record by the circuit court clerk, and had the

respondent made any question as to this fact in his brief in response, as he should have done, if any advantage is to be taken thereof, the probabilities are that the whole matter would have been rectified by appellant by asking for a *certiorari* unless respondent had consented to treat the case as if the judge's signature was appended to the bill of exceptions.''

It is unnecessary to recite the cogent reasoning of the majority of the court in support of its position. Its correctness is obvious and in harmony with the practice in this court under a similar rule. Rules 15 and 16, consolidated April term, 1884. There is nothing in this ruling in conflict with the decisions in *State v. Jones*, 58 Mo. 506, or in *Smith v. Railroad*, 55 Mo. 601, in which it is held that the signature of the judge is essential to a bill of exceptions to make it a part of the record. The suggestion that there is such conflict is fully met in the opinion of the majority in the following extract : '' We are all agreed that a bill of exceptions must be signed by the judge before it is entitled to record, but the question here is one of practice under the rule of this court as to what is evidence of what the record does contain. The rule says the abstract on which the parties have agreed. The parties surely could come into this court and stipulate that while the transcript sent up here, through mistake of the clerk, omitted the signature of the judge, as a matter of fact the bill of exceptions was signed by the judge and this court would accept this as correct and dispose of the case accordingly without *certiorari.* The effect of the respondent's silence and treating the case as if the bill of exceptions, as stated in the appellant's abstract, was regular, is equivalent to such stipulation.''

In harmony with this ruling are the cases of *Snyder v. Hopkins*, 39 Mo. 418, and *Disse v. Frank*, 52 Mo. 551, which hold that a case cannot be by agreement submitted to the court on the record, without abstract,

brief, statement, assignment of errors or joinder, the sense of the whole matter being, that while the parties can agree upon what is in the record, and the court will recognize, and act on such agreement, it will not recognize and act on an agreement that the court may find out for itself what is in the record. To obviate the necessity of its doing so, is the purpose for which the rule was made.

It is not suggested that the appellate court in its ruling on the merits committed any error, nor do we discover any. The judgment of the court of appeals, reversing the judgment of the circuit court of Platte county, is therefore affirmed. All concur.