CRAIG, *Appellant*, v. SCUDDER *et al.*

1. **Practice in Supreme Court:** ABSTRACT OF RECORD. The abstract or abridgment of the record, required by a rule of the supreme court to be made by the appellant or plaintiff in error, setting forth so much of the record as is necessary to a full understanding of all the questions presented to the court for its decision, is intended to stand as a substitute for and in lieu of the record, and the latter will not be examined, but the abstract will be relied upon and the cause decided upon it.

2. **Practice:** EVIDENCE: HEARSAY. A referee's report showing what a party to the suit testified to on a former occasion and in another cause is hearsay and inadmissible.

*Appeal from St. Louis City Circuit Court.* —HON. DANIEL DILLON, Judge.

AFFIRMED.

*Smith & Harrison* for appellant.

(1) Instructions numbers C, D and E, given at the instance of defendant, were argumentative, misleading, confusing and illegal. (2) It was error to sustain objection of defendants to the offer of plaintiff to read

certain parts of the testimony of W. H. Scudder as found in the report of the referee in the case of Ames v. Scudder. They were admissions of one of these defendants, and therefore competent.

*Krum & Jonas* and *Douglas & Scudder* for respondents.

(1) There was no error in the instructions. (2) The evidence offered by plaintiff and rejected was hearsay. *Morris v. Hammerle*, 40 Mo. 489 ; *Scoville v. Railroad*, 94 Mo. 84.

SHERWOOD, J.—I. Action on a contract for services rendered as clerk of defendants, and the simple issue presented by the pleadings was whether such a contract was made. There was evidence on this point *pro* and *con.* and the jury brought in a verdict for the defendants.

What the instructions were, we are not informed, and so cannot pass upon the propriety of their being given or refused. Our rule 15 requires that the appellant or plaintiffs in error make out "an abstract or abridgment of the record in said cause, setting forth so much thereof as is necessary to a full understanding of all questions presented to this court for its decision." The instructions are not copied in appellant's abstract, nor is their substance given. The object of our rule is to avoid the necessity of recurring to the record in order to discover whether error has been committed. Under that rule, the abstract stands, and was intended to stand as a substitute for, and in lieu of the record, and we will not examine the latter, but rely upon the former, and upon that decide the cause. *Long v. Long*, 96 Mo. 180 ; *Manufacturers' Saving Bank v. Big Muddy Iron Co.*, 97 Mo. 38 ; *Flannery v. Railroad*, 97 Mo. 192 ; *Jayne v. Wine, ante*, p. 404.

II. As to the evidence offered of the report of the referee in order to show what one of the defendants swore on a former occasion and in another cause, such evidence is so clearly *hearsay*, as to require no further comment. We affirm the judgment. All concur except RAY, C. J., absent.