MARY SCOTT, Defendant in Error, v. JOHN HOWARD,
Plaintiff in Error.

Kansas City Court of Appeals, May 19, 1890

Appellate Practice : ABSTRACT. Where a cause was disposed of on
demurrer to the petition in the trial court and the abstract fails
to set out the petition, the appellate court will dismiss the writ of
error.

*Appeal from the Jackson Circuit Court.*—HON. J. H.
SLOVER, Judge.

WRIT DISMISSED.

*A. P. Barton* and *L. H. Waters*, for plaintiff in
error.

*J. G. Paxton*, for defendant in error.

ELLISON, J.—This cause was disposed of on
demurrer to the petition in the court below. The
demurrer being overruled defendant appealed to this
court. The petition is for an injunction, and the

demurrer is that it does not state facts to constitute a cause of action. That " on the facts stated in said petition plaintiff is entitled to no relief." The petition is not set out in the abstract as required by our rules and we, therefore, have no means of knowing what allegations the petition may contain. We have so frequently ruled on the necessity of abstracts that we need not refer to the particular authorities. We are not alone in these decisions. The supreme court makes strict enforcement of the same rule. *Craig v. Scudder*, 98 Mo. 664; *Long v. Long*, 96 Mo. 180 ; *Manufacturer's Sav. Bank v. Iron Co.*, 97 Mo. 38 ; *Flannery v. Railroad*, 97 Mo. 192. We will, therefore, dismiss the writ of error. All concur.