JOHN THOMS, Guardian, etc., Appellant, v. JAMES SULLIVAN et al., Respondents.

St. Louis Court of Appeals, March 21, 1899.

Practice, Appellate : APPEAL: FAILURE TO PROSECUTE.  To allow the plaintiff to dismiss an appeal which he has taken no steps to prosecute, after the defendant has in all respects complied with the provisions of section 2252, to entitle him to an affirmance, would be to deprive the defendants of a legal right which they have acquired by their diligence.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

BLAND, P. J.—On the twenty-third of December, 1898, defendants recovered a judgment against plaintiff in the Greene circuit court, from which on the same day plaintiff perfected an appeal to this court.  This appeal plaintiff has wholly failed to prosecute, for which reason defendants have moved for an affirmance of the judgment, as provided by section 2252, Revised Statutes 1889.  To escape the consequence of his neglect to prosecute his appeal, plaintiff has wired the court that he dismisses the appeal "to avoid an affirmance."  It seems to us that to allow the plaintiff to dismiss an appeal which he has taken no steps to bring here, after the defendant has in all respects complied with the provisions of section 2252, *supra,* to entitle him to an affirmance would be to deprive the defendants of a legal right which they have acquired by their dilligence, and at the same time would privilege the plaintiff to escape the legal consequence which he has incurred by reason of his neglgence, for should the appeal be dismissed, he, by writ of error, may have the

errors of the circuit court reviewed, and in this way defeat the penalty imposed by the statute, for failure to prosecute the appeal. We decline to set a precedent for such a practice, but will award the defendants the fruits of their diligence and affirm the judgment.