MISSISSIPPI VALLEY FUEL COMPANY, Plaintiff in Error, v. J. A. BEAN, Defendant in Error.

Springfield Court of Appeals, January 3, 1911.

1. **APPEAL AND ERROR: Court of Appeals: Transfer of Causes: Jurisdiction: Waiver.** Where a cause, originating in a county within the jurisdiction of the St. Louis Court of Appeals, is transferred by that court to the Springfield Court of Appeals, and the plaintiff in error files his abstract and brief in the latter court, and makes no objection to the jurisdiction of said court, he thus waives the question of jurisdiction.

2. **APPELLATE PRACTICE: Defective Abstract.** A printed abstract must be filed in the appellate court, even though a complete transcript is filed. The purported abstract in this case is examined and held insufficient.

Error to the St. Francois Circuit Court.—*Hon. Chas.*
*A. Killian*, Judge.

WRIT OF ERROR DISMISSED.

*C. F. Bauer* and *Merrill Pipkin* for appellant.

*R. C. Tucker* for respondent.

NIXON, P. J.—The writ of error in this case was issued by the St. Court of Appeals, but the cause was transferred to this court before plaintiff in error filed its abstract and brief. By filing its abstract and brief in this court and making no objection to its jurisdiction, the plaintiff in error submitted the case to us for determination.

The defendant in error has not filed a brief in this case, but insists on a motion which he has filed to dismiss the writ of error because no abstract, as required by law, has been filed in this court. Section 813, Revised Statutes 1899, provides that the appellant or plaintiff in error shall file in the appellate court a printed abstract; and where no abstract is filed the authorized practice is to dismiss the appeal or writ of error. [Garrett v. Mining Co., 111 Mo. 279, 20 S. W. 25.] The abstract must be filed even though a complete transcript is filed. [Whiting v. Lead Co., 195 Mo. 509, 92 S. W. 883.] The following is what plaintiff in error has filed as its abstract:

"Brief for Plaintiff in Error. Statement. This case originated before a justice of the peace. Appellant, plaintiff in error, sued before justice on an account, said account being in words and figures as follows:

"ST. LOUIS, MO., Nov. 4, 1908.
"*J. A. Bean, Desloge, Mo.*
"To Mississippi Valley Fuel Co., Dr.,
"11-2, Car No. 888, 42.95 tons, $1.00 per ton, $42.95.
"Affidavit attached.

"The justice rendered judgment for J. A. Bean, defendant in error herein. The plaintiff in error herein appeals to the circuit court. The case coming on for trial in the circuit court, the defendant in error herein objects to the introduction of any testimony, for the reason that said account wholly fails to state any cause of action; that said account fails to show that said company is a corporation. Thereupon plaintiff in error asked leave to file an amended statement. The court refused to permit said amendment. From said action in refusing to permit said amendment, plaintiff in error appeals to this court."

Then follow the points and authorities relied on as a brief, a short discussion, and that is all. An explanation of why this is not an abstract as required by law would fill a good sized volume, and we forego any discussion of the subject, contenting ourselves with referring to the case of Harding v. Bedoll, 202 Mo. 1. c. 630, 100 S. W. 638. As the Supreme Court said in that case, the rules in reference to the contents of an abstract are reasonable, easily to be followed and are to be applied without respect to the case or person, and while they have been and will continue to be liberally construed, yet the construction should not be so liberal as to annul them.

It follows that the writ of error should be dismissed and its dismissal is hereby ordered. All concur.