## A. J. HINSHAW, Appellant, v. Estate of ROBERT WARREN, Respondent.

### Springfield Court of Appeals, March 11, 1912.

1. **APPELLATE PRACTICE: Appeal Returnable When: Dismissing Appeal.** Where the appeal was granted on the 25th day of March, 1911, the same would be returnable to the October Term, 1911, of the Court of Appeals, and where the appellant filed nothing in the Court of Appeals until the 4th day of January, 1912, he will be several months in default and on motion of respondent the court would .have no other alternative than to dismiss the appeal.

2. ———: ———: **Appealing on Long or Short Form.** Rule 16 of the Springfield Court of Appeals requires the appellant to lodge his appeal in that court on either the long form or the short form within the time designated in section 2047, Revised Statutes 1909.   If for any reason he cannot file a complete transcript he shall file a certified copy of the judgment and shall thereafter file a complete transcript and an abstract of the record, or simply an abstract of the record.

3. ———: ———: **Delay in Preparing Bill of Exceptions: Resetting Case.** Where the bill of exceptions cannot be prepared and filed in time for the appellant to perfect his appeal by filing a complete transcript or abstract as provided by the statutes and rules of the court, the case may be reset or continued by complying with the provisions of section 2029, Revised Statutes 1909, as amended by the laws of 1911, page 139.

4. ———: **Dismissing Appeal: Writ of Error.** Where an appeal has been dismissed the appellant may yet have his remedy by writ of error.

Appeal from Pulaski Circuit Court.—*Hon. L. B. Woodside,* Judge.

APPEAL DISMISSED.

*Geo. M. Reed* for appellant.

*Watson & Holmes* for respondent.

This appeal should be dismissed. The transcript of the record and bill of exceptions were not filed in time. R. S. 1909, secs. 2047, 2048 and 2049; Rule 16, Springfield Court of Appeals; State ex rel. v. Smith, 172 Mo. 456; State ex rel. v. Gibson, 187 Mo. 558; St. Louis to use v. Bambrick, 41 Mo. App. 648.

NIXON, P. J.—We find ourselves at the outset confronted with a written motion filed by the respondent to dismiss this appeal. Appellant was duly notified in writing (according to our Rule 25) that this motion would be presented, and was served with a copy of the motion. Respondent in a printed brief insists that the appeal be dismissed because of appellant's failure to comply with our Rule 16. Rule 16, adopted under the authority given by section 2049, R. S. 1909, provides:

"In all cases where appeals shall have been taken . . . to this court . . . the appellant shall file with the clerk of this court a full transcript, or in lieu thereof, a certificate of the judgment as provided by section 2047, R. S. 1909, *within the time designated in said section,* and the date of the allowance of the appeal, and not the time of filing the bill of exceptions after the appeal is granted, shall determine the term of this court to which such appeal is returnable. *When the appellant, for any reason, cannot or does not file a complete transcript, he shall file, within the time allowed by said section, a certificate of the judgment, and shall thereafter file a complete transcript and ab-*

*stract of the record, or simply an abstract of the record."*

Section 2047, R. S. 1909, provides: ". . . . The appellant shall perfect his appeal in the manner and within the time prescribed in the next succeeding section, . . ."

Section 2048, R. S. 1909, provides: "The appellant . . . shall cause to be filed in the office of the proper appellate court, in cases of appeals fifteen days before the first day of the term of such court, . . . a perfect transcript of the record and proceedings in the cause, or in lieu of such transcript, a certified copy of the record entry of the judgment, order or decree appealed from in said cause, showing the term and day of the term, month and year upon which the same shall have been rendered, together with the order granting the appeal, . . ."

In this case the motion for new trial and motion in arrest of judgment were overruled on the twenty-fifth day of March, 1911, and the appeal was granted on the same day. It is therefore clear that this appeal was returnable to the October term, 1911, of this court. [Columbus Coal Co. v. Mitchell, 144 Mo. App. l. c. 230, 128 S. W. 1019; Ott v. Spiker, 144 Mo. App. l. c. 347, 127 S. W. 945.] Nothing was filed in this court until the fourth day of January, 1912, when appellant's transcript was filed. The term of this court to which this appeal was returnable convened on the second day of October, 1911. Appellant is therefore several months in default. Respondent, under section 2047, R. S. 1909, *could* have appeared in this court at the October term, 1911, and by complying with certain requirements therein named, have had the judgment affirmed. To prevent this consequence, *had respondent pursued that course,* appellant under said statute could have shown that the circuit clerk failed to notify him in time of the completion of the transcript and that would have been considered good cause.

But that is not the situation here. Respondent did not pursue that course, and accordingly the remedy provided for appellant when respondent *does* follow that course, i. e., showing that the circuit clerk failed to notify him in time of the completion of the transcript, does not apply. Our rules exactly cover this case and must be held to govern it. Rule 16 requires the appellant to lodge his appeal in this court on either the long form or short form within the time designated in section 2047, R. S. 1909. This was not done in this case. Rule 21 clearly states that it then becomes our duty to dismiss the appeal. With respondent pressing the matter both by motion and printed brief, there is no alternative. Appellant must be presumed to have known that under the law his appeal was returnable to the October term, 1911, of this court. When he saw that the full transcript would not be ready and that he could not come up on the long form, he should have come on the short form. Rule 16 expressly provides that when the appellant, for any reason, cannot or does not file a complete transcript, he shall file, within the time allowed by section 2047, R. S. 1909, a certificate of the judgment, and shall thereafter file a complete transcript and abstract of the record, or simply an abstract of the record. Again, if the bill of exceptions was not prepared within the time originally allowed or in time for appellant to have lodged his long form appeal in this court, section 2029, R. S. 1909, as it appears on page 139 of the Laws of 1911 should have been looked to. It may not be improper to suggest that the appellant has his remedy by writ of error, so that he may yet have his day in the appellate court. We have no other course than to sustain the motion to dismiss the appeal, and it is so ordered. All concur.