## VACILIKE MAHOPAULOS, Plaintiff in Error, v. CHICAGO, ROCK ISLAND & PACIFIC RAIL-WAY COMPANY.

### Division Two, March 24, 1914.

1. **APPEAL: Statutory Right.** Appellate proceedings are purely statutory. A party to avail himself of any right to an appeal or writ of error must comply with the statutes governing the same.

2. **———: ———: Filing Transcript, Etc.** If an appeal has been taken and perfected in the trial court, the statutes and rules of court regulating the transfer and filing in the appellate court of the records and proceedings must be complied with or else the appellate court cannot take cognizance of them.

3. **———: Dismissal: No Transcript: Writ of Error.** Where a party has been allowed and has taken an appeal from a trial court, either a transcript or certified copy of the judgment and order of appeal must be filed in the appellate court before the appeal can be dismissed. It cannot be lodged in the appellate court by a mere written memorandum or other paper not bearing the signature and seal of the clerk of the trial court. And until the appeal is lodged in the appellate court in the way prescribed by statute, and then dismissed, appellant is not entitled to a writ of error.

Error to Jackson Circuit Court.—*Hon. R. H. Middlebrook,* Judge.

WRIT QUASHED.

*Reinhardt & Schibsby, J. C. Rosenberger* and *Kersey C. Reed* for plaintiff in error

(1) The time of filing a paper is the date of the delivery thereof to the proper officer, without regard to the action that the officer may take on it. Therefore, when Mr. Silver, on September 19, 1910, delivered to the clerk the paper dismissing the appeal, the effect of such dismissal is not altered by the fact that the clerk failed to make record thereof. Grubbs v.

Cones, 57 Mo. 84; Collins v. Kammann, 55 Mo. App. 464; Bensley v. Haeberle, 20 Mo. App. 648. (2) After an appeal has been taken in the circuit court by the filing of the proper affidavit and an order allowing the appeal to the appellate court, although the transcript has not been filed in the appellate court, the cause is regarded as pending in the appellate court. Therefore, the appellant was not precluded from dismissing the appeal herein by the fact that no copy of the judgment and order allowing appeal had been filed in this court. Reed v. Bright, 232 Mo. 415; Burgess v. Conoghue, 90 Mo. 299. The allowance of an appeal divests the circuit court of jurisdiction and vests it in the appellate court. Reed v. Bright, 232 Mo. 415. This court was in vacation on September 19, 1910, at the time Mr. Silver filed the dismissal. It cannot be that an order of court was essential to dismissing the appeal, because if this were so, it would defeat the statute, which allows writs of error to be sued out at any time within one year (Sec. 2054, R. S. 1909) and would ingraft on the statute an unwarranted exception, namely, that the writ could be sued out within one year only in the event the appellate court was in session so that an appeal could be dismissed. The law, of course, makes no such exception. By filing the formal dismissal, Mr. Silver did everything that he could do to dismiss the appeal and to evidence complete abandonment thereof. This left the judgment in full force and effect, and therefore the appeal no longer stood in the way of the writ of error. State v. Reed, 206 Mo. 719; In re Breisen, 41 Atl. (Conn.) 774; Derrick v. Taylor, 171 Mass. 444. (3) It is, of course, conceded that a writ of error and an appeal cannot be prosecuted at one and the same time, and this fact was recognized by us at the time we sued out this writ of error. Harris v. Chitwood, 210 Mo. 560. (4) But even after an appeal has been dismissed by a party in default he may nevertheless have his writ of error, if sued out within one year

from the date of overruling of motion for new trial. Burdick v. Life Assn., 91 Mo. App. 529; Hinshaw v. Warren, 162 Mo. App. 280. And the fact that one writ of error has been sued out and dismissed does not preclude the suing out of another. State ex rel. v. Finn, 87 Mo. 310; State ex rel. v. Silverstein, 77 Mo. App. 304. (5) Where an appellant fails to prosecute his appeal by failing to file the transcript within the time required by law, the respondent is by the statute given a plain right to have the judgment affirmed, provided he himself complies with the statute by docketing the appeal and moving for affirmance, but if, as here, before the respondent does this, the appellant dismisses his appeal, the motion to affirm comes too late. The respondent must show diligence, or his motion to affirm will be denied. Krouck v. Reed, 105 Mo. App. 430; Thomas v. Sullivan, 79 Mo. App. 384; Burdick v. Life Assn., 91 Mo. App. 529. (6) A respondent by nonaction waives the failure of appellant to file transcript in time. Gaar-Scott & Co. v. Nelson, 166 Mo. App. 51; Hinshaw v. Warren, 162 Mo. App. 280; Bombeck v. Bombeck, 18 Mo. App. 26; Kronck v. Reed, 105 Mo. App. 430; Banse v. Tate, 62 Mo. App. 150.

*Paul E. Walker* and *Sebree, Conrad & Wendorff,* for defendant in error.

The motions to affirm the judgment and quash the writ of error should be sustained. The plaintiff failed to prosecute her appeal and the writ of error cannot supersede the undisposed of appeal. Harris v. Chitwood, 210 Mo. 560; Vigo v. Bradford, 129 Mo. App. 656; Secs. 2047 and 2408, R. S. 1909.

WALKER, P. J.—Plaintiff brought suit in the circuit court of Jackson county against defendant for damages for the killing of her husband, by one of defendant's trains, on the latter's line of railway near

Liberty, Missouri, on the first day of May, 1908. A trial before a jury resulted in a verdict for defendant, from which plaintiff appealed. The order granting the appeal was dated September 22, 1909. She thereafter perfected her appeal in the trial court, by filing her bill of exceptions. No further steps were taken by plaintiff until September 19, 1910, when her counsel in vacation offered to file in this court what may be termed a declaration of dismissal, if its character may be so designated from the statements made in regard thereto in affidavits, the paper itself not being before us and not found in the files. The clerk declined to file this paper because there was nothing on file from which it could be determined whether an appeal had been granted. Subsequently this paper was filed by the clerk as of June 19, 1910.

On the same day plaintiff's counsel sued out a writ of error, and on September 26, 1910, transmitted same with an uncertified copy of the verdict of the jury and the judgment rendered thereon, with the required docket fee, to the clerk of this court, who filed the same on September 27, 1910. The timeliness of plaintiff's action is not in question so far as the writ of error is concerned, if the facts authorized the suing out of the writ, but we are confronted with the more serious problem as to whether the plaintiff, not having complied with section 2048, Revised Statutes 1909, which requires the filing in this court of a short or long form of transcript to perfect an appeal, can by a mere written memorandum, affidavit or other paper not bearing the signature of the clerk and seal of the trial court showing its genuineness, dismiss an appeal which, although regularly taken and perfected in the lower court, has never been brought within the jurisdiction of this court as required by our procedure.

Appellate proceedings being purely statutory, a party to avail himself of any right thereunder must comply with the requirements of the enabling statute.

[Thomas v. Elliott, 215 Mo. 598, 602; State ex rel. v. Broaddus, 216 Mo. 336, 342.] If, therefore, an appeal has been taken and perfected in the trial court, before the appellate court can take cognizance of same for any purpose the statute and rules of the court regulating the transfer and filing here of the records and proceedings in such case must be complied with.

This court in the exercise of its appellate jurisdiction can only act upon the records or properly certified proceedings before it, of subordinate tribunals, and the manner in which such records or proceedings may be submitted for consideration is clearly defined in section 2048, supra, and our Rule 28. In the case at bar, therefore, the court could only be regularly apprised of the fact that an appeal had been taken by the filing here of a properly certified transcript of the proceedings of the trial court or a copy of the judgment and the order granting the appeal. This course is a prerequisite to the dismissal of the appeal, and such dismissal must be entered before a writ of error can properly be sued out.

We take judicial notice of our own records (Chicago Herald Co. v. Bryan, 195 Mo. 590) and up to this time there is nothing either in the files or record entries in regard to this case to show that plaintiff has dismissed her appeal.

While much inclined to review any case upon its merits, where it appears that there has been a substantial compliance with the requirements of orderly procedure, the case at bar does not present these features; on the contrary, plaintiff has failed to comply with the plain provisions of the statute, and the rule of the court, which would have enabled her to dismiss the appeal and would have authorized a review of this case under the writ of error.

We do not determine, because not warranted in so doing by the facts, what our ruling would have been, if plaintiff had perfected her appeal here and had dis-

missed same after the suing out of the writ of error and before the defendant filed its motions to affirm the judgment and quash the writ. It will suffice to say that there is nothing before us for review.

From all of the foregoing it follows that the writ of error must be quashed, and it is so ordered.

*Brown and Faris, JJ.,* concur.