## HERMAN SAVINGS BANK v. ANNA KROPP, Appellant.

**In Banc, December 8, 1915.**

1. **APPEAL: Failure to File Abstract: Penalty.** Where appellant has in due time filed with the clerk of the Supreme Court a short-form transcript of the judgment and order of appeal, but has failed to file or serve respondent with a printed abstract of the entire record within the time prescribed by the rules of the court, the order of the court will be a dismissal of the appeal, and not an affirmance of the judgment; and that must be the holding despite the fact that respondent

Bank v. Kropp.

urges that complications may arise as to the liability of sureties on the *supersedeas* bond, if the appeal is dismissed. [Refusing to follow or discuss Mattenlee v. Mattenlee, 74 S. W. 889, because it does not appear to have been officially reported or authoritatively promulgated.]

2. ————: ————: **Affirmance: Statutory Requirement.** The affirmance of the judgment appealed from provided by section 2047, Revised Statutes 1909, was not intended necessarily to follow a failure to file a proper abstract within the time prescribed by the rules of the court. The right to affirmance, as prescribed by that statute, seems to have been made to depend upon a failure of appellant to file a complete transcript or a certificate of the judgment and order of appeal in the appellate court, etc., within the time prescribed by section 2048.

3. ————: ————: ————: **Rule of Court.** The rules of the Supreme Court made under the direct authority of a statute, have practically the binding force and effect of a statute. And while the court has power to change its rules, the change ought to be in substance, and the rule should not be nullified by a collateral attack.

4. ————: ————: **Penalty Fixed by Rule of Court.** There being no specific penalties attached by section 2048, Revised Statutes 1909, to a failure of appellant, who has in due time filed a short-form transcript, to file a printed abstract in time, the court is empowered to fix the penalties by rule of court; and Rule 16 fixes the penalty at dismissal of the appeal, or at a continuance to the next term, and not at affirmance of the judgment.

5. ————: **Completion: Penalty.** While the appeal is not so far completed as to allow appellate review by the filing of a short-form transcript, it is completed within the purview of section 2047, Revised Statutes 1909, so far as concerns the penalty of affirmance therein provided; and having been that far completed, Rule 16 steps in and says the penalty for failure to file a printed abstract shall be a dismissal or a continuance.

Appeal from Franklin Circuit Court.—*Hon. R. A. Breuer*, Judge.

APPEAL DISMISSED.

*Hazel & Lay* for appellant.

*August Meyer* and *John W. Booth* for respondent.

FARIS, J.—Separate actions in ejectment and for the balance due upon a note were by consent of parties consolidated and tried in the county of Franklin on change of venue from Gasconade county. From a judgment in the consolidated cause defendant, being cast on both issues, appealed and gave two *supersedeas* bonds in the aggregate sum of $5000. The case was set for hearing upon our docket at this term for April 26. Appellant duly filed a "short-form" transcript of the judgment and order granting an appeal, but failed and neglected to file thirty days before the case was set for hearing and still fails to file any abstract of the record as required by section 2048, Revised Statutes 1909, and by our rules. [Rule 11 of Rules of Supreme Court.] Thereupon respondent *moved to affirm the case* for failure in this behalf.

Being desirous, as we are advised, to avoid any possible complications which might result in releasing the sureties upon the *supersedeas* bonds aforesaid (Cf. Hill v. Keller, 157 Mo. App. 710), respondent now strenuously insists upon an affirmance of the case and not a dismissal of the appeal, and has filed herein its formal motion to this end.

**Timely Appeal: Penalty for Failure to File Printed Abstract.**

Since there seems to be no formal decision settling in terms this much mooted question, we deem it wise to investigate it. That the practice is to dismiss the appeal in such a case (McLaughlin v. Fischer, 188 Mo. 546; Crothers v. LaForce, 241 Mo. 365; Manuel v. Railroad, 186 Mo. 499; Whitehead v. Railroad, 176 Mo. 475; Clements v. Turner, 162 Mo. 466; Sanders v. Chartrand, 158 Mo. l. c. 364; Lawson v. Mills, 150 Mo. 428; Foster v. Vernon County, 150 Mo. 316; Halstead v. Stone, 147 Mo. 649; Murrell v. McGuigan, 148 Mo. 334; Walser v. Wear, 128 Mo. 652; Brand v. Cannon, 118 Mo. 595; Cunningham v. Railroad, 110 Mo. 208; Thompson v. Allen, 107 Mo. 479; Snyder v. Free, 102 Mo. 325; Garrett v. Mining Co., 111 Mo.

279; Mississippi Valley Fuel Co. v. Bean, 152 Mo. App. 703), there can be no manner of doubt, also, that the practice is to do this of our own motion; but the vexing question now here before us is: Have we authority in law, if we desired to do so, to affirm a case on account of the failure of appellant to file an abstract of the record?

The resolving of this question necessitates an examination of the statutes, as also of our rules, permission to make which is given by statute. [Sec. 2049, R. S. 1909.] The applicable part of section 2047, Revised Statutes 1909, is as follows:

"The appellant shall perfect his appeal in the manner and within the time prescribed in the next succeeding section, and if he fails so to do, and the respondent shall produce in court the certificate of the clerk of the court in which such appeal was granted, stating therein the title of the cause, the date and amount of the judgment appealed from, against whom the same was rendered, the name of the party in whose favor the appeal was granted and the time when the appeal was granted, such certificate shall be prima-facie evidence of the matters therein stated, and shall be a sufficient basis for a motion in the appellate court to affirm the judgment so appealed from, and the court shall affirm the judgment, unless good cause to the contrary be shown; and the failure of the clerk to notify the appellant, or his attorney of record, of the completion of the transcript in time to enable him to have the same filed in the appellate court in the time required by law, shall be considered and is hereby declared to be good cause for refusing to affirm the judgment of the lower court on such motion."

The applicable part of section 2048, Revised Statutes 1909, which we must consider in connection with section 2047, supra, reads thus:

"The appellant or plaintiff in error shall cause to be filed in the office of the proper appellate court,

in cases of appeals fifteen days before the first day of the term of such court, and in cases of writs of error on or before the first day thereof, a perfect transcript of the record and proceedings in the cause, or in lieu of such transcript, a certified copy of the record entry of the judgment, order or decree appealed from in said cause, showing the term and day of the term, month and year upon which the same shall have been rendered, together with the order granting the appeal, and shall thereafter, within the time and manner as is now or may hereafter be prescribed by the rules of such appellate court, file printed abstracts of the entire record of said cause in the office of the clerk of such appellate court, and within such time, deliver a copy of said printed abstract to the respondent or defendant in error.''

Counsel for respondent insists that the statutory words ''the appellant shall perfect his appeal *in the manner and within the time prescribed* in the next succeeding section,'' require a timely filing of either a perfect transcript, or the filing of *both* a short-form transcript *and an abstract of the record;* and that if both such transcript and such abstract are not filed, respondent (even though appellant has already filed a sufficient short-form, or complete transcript showing the identical facts) may file a certificate of the clerk of the court *nisi* ''stating therein the title of the case, the date and amount of the judgment appealed from,'' etc., and thereby become legally entitled to insist as a matter of right upon the affirmance of the case as permitted by said section 2047. We do not think so; we are of the view that a logical construction of these two sections, of our rules and of the adjudged cases are all against this contention.

The view urged on us loses sight of the facts (1) that respondent does a vain, expensive and useless thing in filing a certificate of the clerk showing the judgment and order allowing an appeal, since all of

these facts are plainly shown by the short-form tran-
script already filed by appellant; likewise of the fact
(2) that by a further provision of this section an
affirmance may be avoided by the appellant, among
other ways by making the showing that the clerk of
the trial court failed to notify the appellant or his
attorney of the completion of the transcript, as also
of the fact (3) that within the purview of section
2047 the appeal is completed when and as soon as
either a short-form transcript, or a complete tran-
script, is filed within the time in section 2048 limited.
Other matters in said section 2048, while in a logical
sense pertaining to the perfecting of the appeal, are
yet, in a broader sense, mere statutory details making
for expedition and convenience in appellate review.
So when section 2047 says that the appeal shall be
perfected "in the manner and within the time pre-
scribed" in section 2048, it has reference (in so far as
the right to affirm upon motion for failure, is con-
cerned) to the filing "in the office of the proper ap-
pellate court, in cases of appeals fifteen days before
the first day of the term of such court . . . a
perfect transcript of the record and proceedings in
the cause, or in lieu of such transcript a certified copy
of the record entry of the judgment, order or decree
appealed from in said cause, showing the term and
day of the term, month and year upon which the same
shall have been rendered, together with the order
granting the appeal." It does not mean that the
appeal is not perfected within the purview and pur-
pose of section 2047 till the abstract is filed, for if
the appellate court were behind in its docket, the anom-
alous conditions would be presented of not perfecting
an appeal for two or three years after the clerk of
the trial court had done all he could do, and allowing
appellate courts, if they saw fit, to fix by rule the
time of perfecting an appeal at a period subsequent
to the argument and submission of the case. By the

terms of section 2047 *an affirmance may always be saved* by showing default of the clerk of the trial court. Could a dismissal of this appeal be now prevented by any showing of the trial clerk's default? Or could an affirmance thereof—granting *arguendo,* our power to affirm—be prevented now by a showing, however clear, of such clerk's default? The answer is obvious and in our view shows conclusively that the affirmance provided for by section 2047 was not intended necessarily to follow a failure to file a proper printed abtract of the record. By section 2049 we are given power to make rules to carry into effect the provisions of sections 2047 and 2048. We have made these rules. [Rules 11, 12, 13 and 16 of the Supreme Court.] Said Rule 16 reads as follows:

"If any appellant in any civil case shall fail to comply with the rules numbered 11, 12, 13 and 15, the court, when the cause is called for hearing, will dismiss the appeal or writ of error; or at the option of the respondent continue the cause at the cost of the party in default."

Till we change the penalty of Rule 16 (since it was made in aid of, and under the direct authority of a solemn statute), it has practically the binding force and effect of a statute. If we are to change it, we ought to change its substance and not nullify it by an indirect collateral attack. There are not in section 2048 any specific penalties attached to a failure to file an abstract in time. We are empowered to fix the penalties by rule of court and we have fixed them at dismissal of the appeal, or at a continuance till the next term. As suggested above, if we saw fit we might, under the broad power to "prescribe the time and manner" within which an abstract of the record should be filed, require it to be filed ten days after the case was set for hearing, instead of thirty days before such setting. So, while the appellant is given an option to file either a complete transcript of the record, or

a short-form transcript *and* a printed abstract of the
entire record, it is fairly obvious that while the appeal
in the last contingency is not in fact so far completed
as to allow appellate review, it is completed within the
purview of section 2047 so far as concerns the penalty
of affirmance therein provided.

It is urged upon us that this identical point was
ruled in favor of the right to affirm for the identical
reason here urged, by the Kansas City Court of Ap-
peals in the case of Mattenlee v. Mattenlee, 74 S. W.
889. Our examination of that case as it appears re-
ported above shows us that it sustains the position of
counsel, but we have been wholly unable to find the
Mattenlee case officially reported. Whether its pub-
lication in the Southwestern Reporter was due to an
error, and was unauthorized, or whether the opinion
was later withdrawn, we do not know. We do find
that it is not so promulgated as to be persuasive with
us as an authoritative exposition of the law.

We conclude then upon principle and after a most
careful examination of the two sections in controversy
and of our Rule 16, that while we may have power to
make a different rule and to prescribe a different pen-
alty (e. g., even an affirmance of the case), we have
not done so; but on the contrary have seen fit to make
a dismissal of the appeal, or a continuance of the case
at the respondent's option, the only penalties and we
ought not to change the penalty, at least till we have
formally changed our rule.

This view was taken in the only case we have been
able to find wherein this matter of the meaning in this
behalf of sections 2047 and 2048 was considered. This
is the case of Sanders v. Chartrand, 158 Mo. l. c. 364,
where it was most appositely said:

"This case is here upon a complete transcript.
Therefore the penalty of an affirmance, provided by
section 812, Revised Statutes 1899, does not apply. It

is only in cases where the complete transcript, or in lieu thereof a certificate of judgment, is not filed in this court in proper time, that the judgment may be affirmed. A failure to file a proper abstract is punished by the penalties provided by section 813, Revised Statutes 1899, and by the rules referred to, by dismissing the appeal or continuing the case at the option of the respondent."

In this distinction touching the legislative intent as regards these two sections, there is much of logical method; for if an appeal be not completed we could only affirm the judgment below. If *per contra,* the appeal be completed and the case with jurisdiction over it be lodged here, we can dismiss it, and we have dismissed hundreds of cases of our own motion. If the right to affirm then is to be based upon the view that a "short-form" appeal is not completed within the purview of section 2047 till an abstract be filed, then logically we have been wrong in our Rule 16 and wrong in all these hundreds of cases "dismissed for failure," for we have dismissed appeals and therefore cases which were never here and of which we never had jurisdiction.

As we have seen the almost universal practice has been to dismiss the appeal where a failure to file a printed abstract has occurred. There has been found but one case (Clark v. Fairley, 100 Mo. 236) of affirmance where no abstract whatever was filed, and this case is affirmed without any consideration of the reasons for, or the propriety of, the practice. There are a few cases wherein an affirmance has been adjudged where the abstract which was duly filed has been held insufficient. [Long v. Long, 96 Mo. 180; Jayne v. Wine, 98 Mo. 404; Craig v. Scudder, 98 Mo. 664.] But the weight of authority shows the practice to be to dismiss the appeal; and finding this practice to be in accord with the principle, with the statutes as interpreted in Sanders v. Chartrand, supra, and with

our rule, we dismiss this appeal of our own motion. It follows that the motion to affirm should be overruled, and it is so ordered. All of this division concur.

PER CURIAM.—This cause coming into Banc from Division Two, because of the pending there of the same question here involved, was reheard in Banc and the foregoing divisional opinion of *Faris, J.,* was adopted. *Woodson, C. J., Bond* and *Walker, JJ.,* concur; *Graves, J.,* concurs in a separate opinion; *Blair* and *Revelle, JJ.,* dissent.

GRAVES, J. (concurring).—I concur in the views expressed in this opinion. In the case of J. A. Pullar v. St. Louis and San Francisco Railroad Company (now pending in this court) I had joined in an opinion expressing different views, whilst the Pullar case was in Division. The Pullar case rather appealed to the equities of the matter. It was urged that a failure to affirm the judgment might preclude action on the appeal bond, and the defendant was a bankrupt. But there is no substance in this contention. It is true the Springfield Court of Appeals has written a case with contrary views on the right to sue upon the bond, but that case and the error of that opinion, are fully discussed by ELLISON, P. J., of the Kansas City Court of Appeals in Arkansas Valley Trust Co. v. Corbin, 179 S. W. 484. Judge ELLISON likewise ably discusses the very question we have involved in both this and the Pullar case, i. e., our right to affirm the judgment. He reaches the same conclusion as is reached by our learned brother FARIS, and I am constrained to believe that they have reached the proper conclusion. I therefore concur in this opinion.