ERNEST BROYLES, AN INFANT, BY J. W. BROYLES, NEXT FRIEND, RESPONDENT, v. STATE HIGHWAY COMMISSION, APPELLANT.*

Springfield Court of Appeals. July 20, 1928.

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 100, p. 349, n. 23; 4CJ, section 3116, p. 1127, n. 8; section 3117, p. 1127, n. 15, 20; section 3118, p. 1127, n. 29; section 3119, p. 1128, n. 39; section 3121, p. 1128, n. 47; p. 1129, n. 55.

*Edgar Shook* and *John W. Mather* for appellant.

*E. W. Bennett* and *Lorts & Breuer* for respondent.

BRADLEY, J.—December 2, 1927, respondent recovered a judgment for $5000 against appellant. December 3rd an appeal was granted which was returnable to our March term, 1928. [Sec. 1478, R. S. 1919.] The March term convened March 5th, but appellant did not file here, fifteen days before the first day of the term, a perfect transcript of the record or in lieu thereof a certified copy of the judgment and order granting the appeal, as provided by section 1479, Revised Statutes 1919. But on April 24th appellant filed a certified copy of the judgment and order granting the appeal and paid the docket fee. May 9, 1928, respondent served notice on appellant of his intention to file on May 10th, motion to dismiss the appeal for failure to comply with the statute and our rules as they relate to appeals. A copy of the motion accompanied the notice, and the motion was filed here May 10th. Respondent in his notice refers to his motion as one to *dismiss* the appeal and so labels the motion itself, but concludes the motion with a prayer to *affirm* the judgment. We think, however, that respondent intends his motion as one to affirm and shall so treat it.

May 8th, and before respondent served notice or filed his motion, appellant filed motion to dismiss the appeal, stating in said motion that appellate jurisdiction of the cause, under section 12, Article 6, of the Constitution, is exclusively vested in the Supreme Court, and that it desires to dismiss the appeal "for such other and further proceedings as may be provided by law," and states in its brief that it desires to take the cause to the Supreme Court on a writ of error.

Section 1479, as to appeals, provides that an appellant, fifteen days before the first day of the term to which the appeal is returnable, shall file in the appellate court a perfect transcript of the record or a certified copy of the judgment and order granting the appeal. This section further provides that within the time and manner prescribed by the rules of the appellate court an appellant shall file printed abstract of the entire record in the office of the clerk of the appellate court and within such time as prescribed by rule deliver a copy of said abstract to the respondent. Section 1478 provides that if an appellant fails to perfect his appeal in the manner and within the time prescribed in section 1479, and the respondent shall produce in court the certificate of the clerk of the trial court stating "the title of the cause, the date and amount of the judgment appealed from, against whom the same was rendered, the name of the party in whose favor the appeal was granted and the time when the appeal was granted, such certificate shall be prima-facie evidence of the matters therein stated, and shall be a sufficient basis for a motion in the appellate court to affirm the judgment so appealed from, and the court shall affirm the judgment, unless good cause to the contrary be shown."

Section 1480, Revised Statutes 1919, provides that the appellate courts shall from time to time make and promulgate suitable rules for carrying into effect the provisions of sections 1478 and 1479. Our Rule 16 provides for the carrying into effect of the provisions of sections 1478 and 1479. Rule 21 provides that if an appellant in a civil case shall fail to comply with the provisions of Rule 16, or others designated, the court, when the cause is called for hearing, will dismiss the appeal, or, at the option of respondent, continue the cause at the cost of the party in default. Rule 25 requires that a party desiring to present a motion to dismiss an appeal or affirm a judgment shall notify the adverse party of his attorney of record, in writing, of his intention to file such motion, at least five days *before* the motion is filed, and shall accompany the notice with a copy of the motion. Rule 26 provides that on motion for affirmance under what is now section 1478, Revised Statutes 1919, the mere fact that the appellant has on file, or presents a copy of the transcript, at the time such motion is made, shall not, *of itself*, be deemed *good cause* within the meaning of the law.

As above stated, respondent on May 9th, served notice of intention to file his motion to affirm and filed said motion on May 10th. Therefore, the motion was prematurely filed, since five days had not elapsed after notice and before motion was filed. [First National Bank v. Carter, 243 S. W. (Mo. App.) 234.] There is another reason why respondent's motion cannot be sustained and that is the statute itself. As above stated, section 1478 requires that on a motion to affirm the movent shall produce in court a certificate of the clerk of the trial court showing (1) the title of the cause; (2) the date and amount of the judgment; (3) against whom the judgment was rendered; (4) the name of the party in whose favor the appeal was granted; and (5) the time when the appeal was granted. And this the respondent did not do. It is true that when respondent filed his motion there was then on file with the clerk of this court, a certified copy of the judgment and order granting the appeal, which taken together contain all the information required in the certificate of the clerk of the trial court, required to be produced on a motion to affirm. But we know of no case holding that appellant's certified copy of a judgment and order granting the appeal should be considered and accepted in lieu of the certificate required of the respondent when a motion to affirm is presented. A respondent's motion to affirm will not be sustained when he has not complied with the requirements of what is now section 1478. [Kronck v. Reid, 105 Mo. App. 431, l. c. 433, 79 S. W. 1001; Erwin v. Telephone Co., 173 Mo. App. 508, l. c. 520, 158 S. W. 913.]

The object and purpose of the five days' notice is to give the appellant in default an opportunity to present reasons against the mo-

tion or to dismiss his appeal and proceed by writ of error if the time for such procedure has not elapsed. [Erwin v. Telephone Co., 173 Mo. App. 508, l. c. 519, 158 S. W. 913; First National Bank v. Carter, supra, l. c. 235.] In Thomas v. Sullivan, 79 Mo. App. 384, the St. Louis Court of Appeals held that an appellant could not dismiss an appeal, which he had taken no steps to prosecute after respondent had moved to affirm, and had complied with what is now section 1478. We, too, follow such rule except when good cause is shown for the default as the statute provides, but a motion to dismiss or to affirm cannot be filed until after the five days' notice is served and the five days actually elapse. If during the five days the appellant takes steps to perfect his appeal, our practice, under our rules, and the statute as we construe, has been to consider a motion to dismiss the appeal in the light of the appellant's showing for his default and to dismiss the appeal unless good cause for the default is shown. But if the appellant, after notice of motion to dismiss an appeal, and during the five days moves to dismiss his appeal, we have permitted such to be done. We *affirm* only when the respondent complies with the requirements of the Rule as to notice and with the requirements of section 1478 as to what shall be produced on a motion to affirm *and* when the appellant takes no steps during the five days to perfect his appeal or during the five days does not move to dismiss. An appellant has the right, if he timely moves, to dismiss his appeal and proceed by writ of error. [First National Bank v. Carter, 243 S. W. (Mo. App.) 234; Erwin v. Telephone Co., 173 Mo. App. 508, l. c. 519, 158 S. W. 913; Mahopaulos v. Railroad, 256 Mo. 249, l. c. 253, 165 S. W. 310; Hinshaw v. Warren, 162 Mo. App. 280, 144 S. W. 509; Herman Sav. Bank v. Kropp, 266 Mo. 218, 181 S. W. 86.]

We have endeavored to construe our rules and the statute pertaining to appellants in default in such way as to promote justice. It is much easier to dismiss an appeal or affirm on motion than it is to determine the merits, but we believe it to be our duty to so rule upon a motion to dismiss or affirm as will permit the merits to be determined when we can consistently do so.

We know nothing about the merits of this cause as there is nothing before us except a copy of the judgment and order granting the appeal, the motions above mentioned and the briefs on these motions, hence what we have said in the discussion of our rules and their application is not to be construed as having reference in any wise to the merits of this cause. We have merely seized upon the occasion to again, in a measure, give our construction of our rules and the pertinent statutes as we endeavor to apply them on motions to dismiss and appeal or affirm when an appellant is in default.

If we have no jurisdiction of this cause, and from what appears here it would seem we have not, then certainly we have no authority to *affirm* the judgment on motion or otherwise. Respondent's motion to affirm should be overruled and appellant's motion to dismiss its appeal should be sustained. It is so ordered. *Cox, P. J.*, and *Bailey, J.*, concur.