Olive Jones and J. R. Jones, Appellant, v. L. A. Reeves, Sarah Reeves, Opal T. Gates, George Farree, and J. M. Barnes, Respondents.*—36 S. W. (2d) 431.

In the Springfield Court of Appeals. Opinion filed March 16, 1931.

*Foulke & Foulke* for appellants.

*John J. Wolfe* for respondents.

BAILEY, J.—Respondents on the 5th day of March, 1931, at the present term of this court, filed a motion to affirm a judgment of the circuit court in the above entitled cause for the reason that appellants are alleged to have failed to perfect their appeal in said cause within the time provided by law and have neglected to file in this court a perfect transcript of the record, or in lieu thereof, a certified copy of the record entry of the judgment appealed from in said cause, together with the order granting such appeal, and have failed to deliver to respondents a copy of appellants' abstract and brief in this cause, thirty days before the day on which said cause was set for hearing. Respondents also filed a certificate of the clerk of said court in which such appeal was granted stating the title of the cause, and setting forth a copy of the judgment appealed from, the name of the party in whose favor the appeal was granted and the time when the appeal was granted, which, under the provisions of section 1027, Revised Statutes 1919, constitutes sufficient basis for a motion in this court to affirm the judgment so appealed from.

On the 4th day of March, 1931, appellants also filed a certified copy of the judgment in the above entitled cause together with copy of the order granting the appeal. It also appears from the affidavit of Glenn Stemmons, deputy circuit clerk of said court during the September term, 1930, of the circuit court of Jasper county, that he was in charge of the files and looked after the court business in the division where appellants on the 12th day of November, 1930, filed an appeal bond in said cause and paid the ten-dollar docket fee required to be deposited with the clerk of this court and $1.50 in payment of the fees of the clerk of the circuit court for making a certified copy of the judgment and order granting the appeal in this case and transmitting it to this court; that the judge of the circuit court before whom said cause was pending made an order on the clerk to make

out and transmit to the Springfield Court of Appeals, a certified copy of the judgment and order granting an appeal in said cause; "that through an inadvertence, mistake or oversight upon the part of the clerk of the circuit court, such short transcript was not for-warded to the clerk of the Springfield Court of Appeals in time to be docketed for the March term of said court as directed by sec-tion 1478, Revised Statutes 1919. Affiant further says that the attorneys of record for the appellants did not receive notice from the clerk of the circuit court of Jasper county, Missouri, of the comple-tion of the said transcript in time to enable them to have the same filed in the appellate court in the time required by law."

Appellants further filed the affidavit of the court stenographer stating that some time in the month of November, 1930, after final judgment in this cause, appellants' attorneys ordered him to prepare a bill of exceptions in said cause, which, he states, has not been completed because of difficulty in obtaining exhibits and depositions introduced in evidence but that said bill of exceptions is now practically completed.

Respondents filed the affidavit of James M. Burke, clerk of the circuit court of Jasper county, Missouri, in which said cause was tried, stating that his attention had never been called to the grant-ing of an appeal therein until respondents filed their motion to affirm.

Respondent also filed the affidavit of A. E. Taggart, deputy clerk in charge of the clerk's office at Joplin, where the cause was tried, stating that he had at no time been paid the $10 docket fee or the fee of $1.50 for transcript of the record and that such payment is not shown upon his records.

We do not consider the affidavits of Mr. Burke, the clerk, and Mr. Taggart, the deputy clerk, in conflict with the affidavit of Mr. Stemmons who admitted receiving the money and the order for the transcript and that he failed to notify the appellants of the comple-tion of the transcript. He was in charge of the clerk's business in that division and we perceive no sound reason for not giving his affidavit full credence.

Under the provisions of section 1027, supra, the failure of the clerk to notify the appellants or their attorney of record of the comple-tion of the transcript in time to enable them to have the same filed in the appellate court in the time required by law, is good cause for refusing to affirm the judgment of the lower court on a motion for affirmance.

This court has adopted a liberal policy in regard to dismissal of appeals or affirmance of judgments on motions such as herein under consideration. As stated by Judge BRADLEY of this court in the case of Broyles v. State Highway Commission, 8 S. W. (2d) 1021,

1023, ''We have endeavored to construe our rules and the statute pertaining to appellants in default in such a way as to promote justice. It is much easier to dismiss an appeal or affirm on motion than it is to determine the merits; but we believe it to be our duty to so rule upon a motion to dismiss or affirm as will permit the merits to be determined when we can consistently do so.'' In the case at bar, appellants have perfected their appeal within five days after receiving notice of respondents' intention to file a motion to affirm. In addition to that, appellants have shown a failure of the clerk to notify them of the completion of the transcript in time to enable them to have the same filed in this court within the time prescribed by law as provided by section 1027, supra, and have shown that they made payment of the required fees at the time their motion for new trial was overruled, in November, 1930, and the appeal allowed. In addition to that, it appears the bill of exceptions has not yet been completed and no delay will be caused by reason of the failure of appellant to file the transcript in time.

We subscribe to the rule announced in the case of Lasswell v. Langdon, 204 S. W. 812, wherein this court held that, ''while it is the clerk's duty to make the transcript for the appellant on request and payment of the proper fee, yet it is appellant's broad duty to cause the same to be filed in the proper appellate court at the proper time.'' [l. c. 814.] But under the showing made in this case we fail to find appellants or their attorneys remiss in their duties to the extent of incurring the penalty of affirmance after they have perfected their appeal within five days after receiving notice of respondents' motion to dismiss. We base this rule upon the authority of Parks v. Marshall, 14 S. W. (2d) 590, 594, wherein the Supreme Court held that the failure of the clerk to notify the appellants of the completion of the transcript is good cause for overruling a motion to dismiss or affirm. Such ruling is in harmony with the policy of this court and has been adopted by the Kansas City Court of Appeals. [Thomas v. Farmers' National Bank of Ludlow, 236 S. W. 376, 378.]

The motion to affirm should therefore be overruled and the cause continued to the May Call of this court. It is so ordered. *Cox, P. J.,* and *Smith, J.,* concur.