# THE STATE v. NATHAN ZINGHER, Appellant.

Division Two, March 4, 1924.

1. **FALSE PRETENSE: Statement of Opinion.** A mere opinion, however false, is not a false pretense. A statement by defendant, at the time he borrowed $4,000 from a bank, that he was worth, in money and property, over and above his debts, liabilities and exemptions, the sum of $26,800, was not the statement of a fact, but his opinion or judgment.

2. ————: **Indictment: Omission of Material Element: Presumed Not to Exist.** In criminal pleading nothing can be charged by implication or intendment, and the law presumes that what is not charged does not exist. Where the indictment for false pretense charged that defendant represented that all his liabilities of every kind and character amounted to $7,900, but contained no averment that he materially exaggerated his net worth, or that his debts materially exceeded $7,900, or that he was not solvent, or that the bank lost anything by a loan of $4,000 upon a representation that he was worth, above all debts, liabilities and exemptions, $26,800 in money and property, it will be assumed, in considering the sufficiency of the indictment, that he did not materially misrepresent the value of his property, or the amount of his debts and liabilities, or his worth, but that he was solvent, and that the bank lost nothing by the loan, and was not defrauded.

3. ————: **Instruction: Debts and Worth: Misrepresentation in Any Amount.** An instruction directing the jury to find defendant guilty of obtaining money by false pretense, if they find he misrepresented the amount of his indebtedness and the value of his property in any amount, although he may have had ample assets to meet his liabilities at the time he obtained a loan from the bank, is clearly erroneous.

4. ————: **Intent.** An intent to cheat and defraud is an essential element of the crime of false pretense, and without such intent the crime is not committed.

5. ————: **Variance Between Averments and Proof.** The allegations and proof in false pretense must correspond, and the pretense relied upon must be proved as laid, and a variance therein is fatal. Where the information charged that defendant represented that he was worth in moneys and property, over and above his debts, liabilities and exemptions, the sum of $26,800, and that the amount of all

his liabilities of every kind and character amounted to $7,900, and the proof consisted of a written statement read in evidence by the State which recited: Total current liabilities, $7,900; net worth $26,800; merchandise at cost, $20,000; indebtedness, $5,000 to each of two banks, there was such a variance as required a demurrer to the evidence to be sustained.

6. **LIMITATIONS: Defective Information: Reversal and Discharge.** The information failing to charge an offense, and the three-year Statute of Limitations having run, the judgment will be reversed, and the defendant, attempted to be charged with obtaining money by false pretense, will be discharged.

Appeal from Jackson Circuit Court.—*Hon. E. E. Porterfield,* Judge.

REVERSED (*and defendant discharged*).

*Burns & Watts* for appellant.

(1) The information is insufficient in law, and does not state facts sufficient to charge any offense against the defendant. State v. Donaldson, 243 Mo. 472; State v. Martin, 226 Mo. 538. (2) The court erred in giving State's instruction numbered 2. (a) It is broader than the scope of the evidence. State v. Sullinger, 143 Mo. App. 703; State v. Ware, 62 Mo. 597; State v. Berry, 179 Mo. 377; State v. Simpson, 237 S. W. 748. (b) The instruction is argumentative, confusing, misleading and assumes the facts in issue. State v. Steele, 226 Mo. 593. (3) The court erred in refusing to give defendant's Instruction "Y." State v. Johnson, 213 S. W. 794; State v. Majors, 237 S. W. 486. (4) The court erred in not sustaining the defendant's instruction in the nature of a demurrer at the end of all the evidence. State v. Chick, 221 S. W. 10; State v. Dines, 206 Mo. 649.

*Jesse W. Barrett,* Attorney-General, and *J. Henry Caruthers,* Assistant Attorney-General, for respondent.

(1) The information is sufficient. Sec. 3343, R. S. 1919; State v. Samis, 246 S. W. 957; State v. Foley, 247 Mo. 628. (2) State's instruction numbered 2 is not open to the criticism leveled at it by appellant, and as declared by this court in the case of State v. Steele, 226 Mo. 597, cited by appellant. The court in the instant case, when referring to the negative allegations, used this language: "and the court further instructs the jury that if they further find and believe from the evidence that " (then follows negative averments) and "if you so find, then you will find the defendant guilty," etc. See approved Instruction 2 in State v. Samis, 246 S. W. 959. (3) The refusal to give appellant's instruction "Y" was not error under the evidence. The issue referred to therein was fully covered by the given instructions. (4) Where there is substantial evidence supporting the verdict, as in this case, this court will not interfere. State v. Fields, 234 Mo. 627. Where the evidence is conflicting, it is for the jury to weigh and give such credit as they see fit. State v. Cook, 207 S. W. 832; State v. McKenzie, 177 Mo. 717.

HIGBEE, C.—The defendant was convicted of having obtained a loan of $4000 from the Union State Bank of Kansas City by false pretenses as to his financial worth, and sentenced to a term of four years in the penitentiary. The information is based on Section 3343, Revised Statutes 1919.

The appellant, by his motion in arrest, challenges the sufficiency of the information. Omitting formal parts, it charges that on May 25, 1920, the defendant did then and there "represent, pretend and say to the Union State Bank, its agents and officers, that he, the said Nathan Zingher, then and there had in his possession, under his control and owned by him assets amounting to $34,700, and that his total liabilities were $7900, and

that he, the said Nathan Zingher, was then and there actually worth in moneys and property over and above his debts, liabilities and exemptions, the sum of $26,800, and that the amount of all his liabilities of any kind or character whatever on the 25th day of May, 1920, amounted to $7900.'' Then follow averments that the officers and agents of the bank, believing and relying on said representations, made defendant a loan of $4000 of the bank's money, and the defendant, by means of said false pretenses, obtained a loan of $4000 from the bank, with intent to cheat and defraud, and that defendant did not then and there have assets in the amount of $34,700; that $7900 was not all of his liabilities, and defendant was not worth over and above his debts, liabilities and exemptions, $26,800.

I. The statement, as pleaded, was that the defendant had assets, etc.; that his total liabilities were $7900, and that he was worth in moneys and property over and above his debts, liabilities and exemptions, the sum of $26,800. Obviously the statement of the value of his property and of his net worth was not the statement of the value of his property and of statement of a fact, but the defendant's opinion or judgment. In 25 Corpus Juris, p. 595, sec. 19, it is said: ''The statement of an opinion or judgment, even if false, will not sustain an indictment for obtaining property by false pretenses.'' See cases cited in note, among others, that a certain party was wealthy or worth a certain specified amount, citing Com. v. Stevenson, 127 Mass. 446. This accords with the rulings in Missouri. ''A mere opinion, however false, is not a false pretense.'' [State v. Bradley, 68 Mo. 140, 142, cited in State v. Eudaly, 188 S. W. (Mo.) 110, 112.]

In State v. Barbee, 136 Mo. 440, 445, SHERWOOD, J., said: ''Thus, in further illustration of this point, it has been ruled that: 'A sale of goods induced by the buyer's false representation that he had in his office a certain quantity of property liable to his debts, as a means of

*Opinion or Fact.*

obtaining credit, will not warrant an indictment. Common prudence would require the prosecutor to resort to further information.' [Rapalje on Larceny, sec. 406; State v. DeHart, 6 Baxt. 222.]''

The subject was thoroughly considered by the late Judge ELLISON in Bragg v. Kirksville Packing Co., 205 Mo. App. 600, 608, 226 S. W. 1012, where the learned judge said:

"Now it is held in many jurisdictions and commonly stated in text-books that mere statements of value are not actionable, and even if made in bad faith, they were to be regarded as 'dealers talk.' Massachusetts affirms the latter view (Deming v. Darling, 148 Mass. 504) and applies it even though the parties were not on equal footing. [Parker v. Moulton, 114 Mass. 99.] A complete examination of the cases in Missouri will show extreme statements either way. Some that a vendee, though in possession of all his faculties, may lie limp and indolent in his credulity, and yet be allowed to occupy the time of the courts in setting up a guardianship for him. Such persons look upon the courts as children do a parent, ever watchful that they be guarded against their own behavior. But the better opinion is that the courts should encourage self-reliance and turn out those who, having no incapacity, yet apply to the court to do for them what they should have done for themselves. We said in Cahn v. Reid, 18 Mo. App. 115, that even though one loses life or limb, if it came about by his failure to care for himself, he is without redress. Yet in instances involving a few dollars as against a life, some cases extend a helping hand, no matter if listless indifference and neglect have been substituted for ordinary prudence and common sense.

"It is so natural for one to look with favor upon his own property, and such is his selfish desire to extol its value, that men, as far back as we know anything of them, have ever understood that it was unsafe to trust to the opinion of a seller as to the worth and virtue of his own property. . . .

"The latest discussion and ruling we have on this subject in this State is found in Stonemets v. Head, 248 Mo. 243, 262-269. In that case Judge LAMM says that 'the doctrine of "let the buyer beware" must be reckoned with, and that simple general commendation is allowable as puffing and dealers talk, yet there is a boundary that may not be crossed.' Continuing (p. 262) he said (Italics ours) that 'the right general doctrine is that where parties *without knowledge of their own, or without means of knowledge,* as for example when they reside a distance away "buying, in reliance on misrepresentations of material facts known to be false by the party making them and intended to deceive, such deceived party may have relief." ' At page 263, the learned judge said: "Now, there is a general doctrine of the law that ordinarily statement of opinion is not a statement of fact; a mere opinion (as for instance an estimate of *value*) cannot ordinarily form the basis of a false representation.' At page 265, there is a quotation from 2 Pom. Eq. Jur., sec. 878, that general praise by a seller has always been allowed, and that in order to convert such general praise into a representation upon which the buyer may rely, it must be the 'positive affirmation of a *specific* fact affecting the quality, so as to be an *express warranty.*' At page 267 (bottom) it is said: 'The expression of an opinion by the vendor can never be made actionable, if false, unless it be so strong and based on such superior knowledge to the extent that it was relied on as true, and reasonably so by the vendee, as a fact, and known to be thus relied on by the seller.' And at bottom p. 266 there is quoted from 20 Cyc. 58, that 'it is generally held that where the property involved is situated at a distant place and thus an inspection cannot be made without expense and inconvenience, and the prospective purchaser is ignorant of the facts, he may rely on the vendor's positive statements regarding the property and may hold him liable if they are false and fraudulent, even though they are representations of the value, quality, and condition of the property.'

"Summing up (p. 268) Judge LAMM asserts that if the purchaser stands on an equal footing with the seller, he has no right to rely on opinions of value which the latter may express. Furthermore, that he has no such right unless it be out of the power of the purchaser, by reasonable effort, to ascertain such value for himself. A number of authorities are cited in support of these propositions, among them, are Cahn v. Reid, 18 Mo. App. 115, 127-131; Stones v. Richmond, 21 Mo. App. 17; Chase v. Rusk, 90 Mo. App. 25; in which cases it is distinctly stated that to enable a vendee to maintain an action based on fraudulent representations as to value, he must have stood upon an unequal footing with the vendor and must have been in such situation that he could not reasonably have ascertained for himself."

Syllabus 3 in State v. Marion, 235 Mo. 359, reads: "Representations which are mere matters of opinion and exaggerated praise of the subject-matter cannot be made the basis of a criminal charge of false pretense. Representations by an agent that a certain 200-acre farm contained '80 acres of land in cultivation and 70 or 80 acres more in timber just as good if cultivated, fair house and barn, some orchard, in fact a good stock farm that is worth $3000,' made in a letter to the prosecutor on the strength of which he traded some lots to another for the farm, are matters of opinion, and cannot be made the basis of a criminal charge."

There are no averments in the information that bring this case within any exception to the general rule recognized in the cases cited. We must therefore hold that the representations pleaded as to the value of the defendant's property and his worth furnish no basis for a criminal prosecution.

II. There is no averment that the defendant materially exaggerated his net worth or that his debts materially exceeded $7900, or that he was not solvent or that the bank lost a penny on the loan. In criminal pleading nothing can be charged by implication or intendment. [22 Cyc. 293.]

**Omission of Material Averments.**

The law will presume that what the indictment does not charge does not exist. "Now in this case we know (because the indictment does not charge it) that defendant did not represent to Kern that Watson was solvent." [State v. Barbee, 136 Mo. 440, 444, 445.] By the same token, we must assume in this case that the defendant did not materially misrepresent the value of his property or his debts and liabilities, or his net worth; that he was solvent; that the bank lost nothing on its loan and was not defrauded.

In 25 C. J. 608, it is said: "While the statutes do not in express language require that the person from whom the property is obtained should be defrauded thereby, but only that it is obtained with intent to defraud him, nevertheless it is held as a general rule that the crime is not committed unless the prosecutor is in fact defrauded." [See also State v. Donaldson, 243 Mo. 460 (8), 472-3.]

On the other hand, it has been held that if the crime has been committed, it is no defense that the prosecutor has or could recover for any loss he has sustained or that the accused has paid or offered to pay for the property obtained. [25 C. J. 615 (47).]

III. Instruction 2, given for the State, covers three and a half pages of the printed abstract of the record. It predicates the case upon the averments of the informa-

Instruction. tion, and concludes, in substance, that if the jury further finds from the evidence that, whereas in truth and in fact the defendant did not then and there have in his possession assets owned by him in the amount of $34,700, and whereas in truth and in fact $7900 was not then all of the liabilities of the defendant and whereas the defendant was not then and there worth over and above his debts, liabilities and exemptions the sum of $26,800, all of which he then and there well and truly knew, if you so find, then you will find the defendant guilty, etc.

The court refused an instruction prayed by the defendant, as follows: "The court instructs the jury that

if you believe and find from the evidence that on the 25th day of May, 1920, defendant was possessed of sufficient assets to discharge all his debts or in good faith believed that he was solvent and able to pay his debts at the time he borrowed the money mentioned in evidence from the Union State Bank and at said time did not intend to cheat and defraud said bank, then you should find the defendant not guilty.''

If, under the instruction given for the State, the jury found the defendant misrepresented his indebtedness and the value of his property in the sum of one dollar (they were evidently lump sums) they were required to find the defendant guilty, notwithstanding he may have had ample assets to meet his liabilities at the time he obtained the loan before the slump in values set in, which, as every one knows, disastrously affected the business of the entire country. Under that view, no business man would be safe in signing a financial statement for the purpose of obtaining credit.

By the very terms of the statute the intent to cheat or defraud is an essential element and the very essence of the offense. Absent this element there is no crime. [State v. Mastin, 277 Mo. 495, 507; State v. Eudaly 188 S. W. (Mo.) 110, 112; State v. Chambers, 161 N. W. 470, 474.] The instruction for the State was plainly erroneous and prejudicial. It is unnecessary, however, to consider whether or not the defendant's instruction correctly declared the law.

IV. There are several apparent discrepancies between the allegations in the information and the proofs. The information charges that the defendant represented that he was worth in moneys and property over and above

Variance.    his debts, liabilities and *exemptions,* the sum of $26,800, and that the amount of all his liabilities of every kind and character whatever, on the 25th day of May, 1920, amounted to $7900.

The defendant's written statement read in evidence, on the faith of which the loan was made, recites: ''Total

*current* liabilities, $7900; Net worth (exemptions not mentioned) $26,800.'' In his statement of assets is this item: ''Merchandise at cost, $20,000.'' Lower in the statement appear items of indebtedness of $5000 to each of two banks. It is a cardinal rule in pleading that the allegations and proofs must correspond. [Kelly's Crim. Law (3 Ed.) sec. 241.] ''The allegation as to the pretense which was relied upon must be proved as laid, a variance in this respect being fatal.'' [25 C. J. 640.]

In State v. Plant, 209 Mo. 307, the defendant was charged with stealing a diamond ring. The evidence tended to prove that he stole a diamond shirt stud. This was held a failure of proof. On page 313, Judge Fox said: ''Section 22, Article 2, of the Bill of Rights, embraced in the Constitution of this State, expressly provides that 'in criminal prosecutions the accused shall have the right  .  .  .  to demand the nature and cause of the accusation.' If this provision of the organic law of this State means anything, or is longer to be regarded as having any force and vitality, then we see no escape from the conclusion that when the State in this prosecution charges the defendant with stealing a certain article of property and then undertakes to prove the stealing of a separate, distinct and different article of property, it absolutely fails to comply with the provisions of the Constitution herein indicated.''

The statement made by Zingher was that his current (not his total) liabilities amounted to $7900. Some meaning must be given to the word ''current'' as in the expression ''current bills of liabilities.'' The statement expressly showed that he owed other large sums. In the estimate of his total worth nothing was said about exemptions. The items of merchandise, as stated above, was set down *at cost,* $20,000. It was not stated that $20,000 was its present, actual value. There was a total failure of proof of the allegations as to the alleged false pretenses. The demurrer to the evidence should have been sustained.

**Limitations.** The three-year Statute of Limitations (Sec. 3737, R. S. 1919) having run, we are not authorized to remand the case for a new trial on a proper information, as required by Section 4084, Revised Statutes 1919, when there is reasonable ground to believe that the defendant can be convicted. The judgment is therefore reversed and the defendant discharged. *Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion of HIGBEE, C., is hereby adopted as the opinion of the court. All of the judges concur.

Headnotes 1, 3, 4 and 5: False Pretenses: 1, 25 C. J. sec. 19; 3, 25 C. J. sec. 95; 4, 25 C. J. sec. 31; 5, 25 C. J. secs. 74, 75. Headnote 2: Indictments and Informations: 31 C. J. sec. 179; False Pretenses, 25 C. J. sec. 60. Headnote 6: Criminal Law: 16 C. J. sec. 341, 17 C. J. sec. 3758.