STATE OF MISSOURI ex rel. JOHN E. DOWNS, Prosecuting Attorney, Buchanan County, Missouri, Relator, v. WILLIAM H. KIMBERLIN (successor in office to, and substituted for, SAM WILCOX), Judge, Division No. 1, Buchanan County, Missouri Circuit Court, and FRED E. ROACH, Circuit Clerk of Buchanan County, Missouri, Respondents, No. 43465—260 S. W. (2d) 552.

Court en Banc, July 13, 1953.

Rehearing Denied, September 14, 1953.

*John E. Downs,* Prosecuting Attorney, and *Frank D. Connett, Jr.,* Assistant Prosecuting Attorney of Buchanan County, for relator.

*Louis Kranitz* and *Theodore M. Kranitz* for respondents.

LEEDY, J.—Division No. 1 of the Buchanan Circuit Court (Hon. Sam Wilcox, Judge) having sustained defendant's motion to quash the indictment in the case of State of Missouri, plaintiff vs. A. M. Olmsted, defendant, (No. #68), the prosecuting attorney, claiming the right under a statute (§ 545.300—this and all other statutory references are to RSMo 1949 and VAMS, unless otherwise expressly noted), sought to substitute an information for the indictment so

quashed, but this the judge refused to permit; and so, to compel such substitution, the prosecutor, in his official capacity, brought this original proceeding in mandamus as relator, and joined as parties respondent the (then) judge and the clerk of the court. The term of office of Judge Wilcox has since expired, and, under § 507.100, subd. 5, Judge William H. Kimberlin, his successor, has been substituted in his stead.

We will not lengthen this opinion by undertaking a resume of the anomalous pleadings from which the issues in this case have been gleaned. It is sufficient to say that the facts are not in dispute and that the issues are, in essence, these: (1) Relator's right or authority to sue; and (2) whether his petition (attached to and by reference made part of the alternative writ under prevailing practice) states a claim upon which relief can be granted. Contentions with respect to the sufficiency of the petition are developed by respondents ▮ under a variety of heads, substantially all of which go to matters other than the merits of the ultimate question for determination, i. e., the prosecutor's right and authority in the premises.

▮ Turning to the first issue, it is respondents' contention that under § 27.060 of the statutes, relator is without authority to sue or maintain this action; and that, if such an action lies at all (which they deny), the Attorney-General is the proper party to bring it. The statute thus invoked provides, in pertinent part, that the ''attorney general shall institute, in the name and on behalf of the state, all civil suits and other proceedings at law or in equity requisite or necessary to protect the rights and interests of the state,'' etc. It is argued that the only interests affected by any injury flowing from the court's refusal to permit substitution would be those of the state, and, if they be of a protectable nature at all, then under the statute, it is solely the province of the Attorney-General to institute the proceeding. But another section, § 56.060, makes it the duty of the prosecuting attorneys of the several counties to ''commence and prosecute all civil and criminal actions in their respective counties in which the county or state may be concerned,'' etc.

Legislation concerning the duties of attorneys authorized to institute proceedings in behalf of the state, and out of which the sections just referred to have emerged, is reviewed at great length in State ex rel. Thrash v. Lamb, 237 Mo. 437, 448-453, 141 S.W. 665, 668-669. See, also, State ex rel. Mo. Pac. R. Co. v. Williams, 221 Mo. 227, 261, 120 S.W. 740, 749. The rule as deduced from these cases was thus epitomized in State ex rel. Westhues v. Sullivan, 283 Mo. 546, 569, 224 S.W. 327, 331: That the prosecuting attorney of a county ''cannot proceed in the name of the state, save and except the matters involved are matters arising within and pertaining to the jurisdiction of such prosecuting officer. In other words, they must be matters which concern the state in the limited territory over which such officer has

control or in which he has power to act. His limit is the county for which he was elected. Westhues, as prosecuting attorney of Cole county, can use the name of the state in such matters in which the state is interested within the confines of the said county of Cole. The real question is whether or not the things pleaded are matters localized to Cole county or whether the state's interest in the proceeding is one of broad expanse, and covering a matter having a state situs rather than a county situs. If the latter, the state must proceed through the Attorney General; if the former, it may proceed through the local prosecuting officer. Upon this point nothing can be added to the learning of the two recent [Lamb and Williams] cases cited supra. In addition, the statutes fix their respective lines of action. That of the Attorney-General is state wide, whilst that of the prosecuting attorney is local. Whether the one or the other can act must be determined from the nature of the subject-matter of the action. This is made clear in both of the cases cited supra.''

Exercise of the function of substitution in Olmsted's case was a matter clearly localized to Buchanan County, affected a single prosecution instituted within and confined to that venue, and had no state situs, so that under the doctrine of the cases just mentioned the present action must be held to have been properly brought ex officio by the prosecuting attorney.

In the same connection, it is also urged that the "petition is not verified according to law, in that said verification is on information and belief, which is insufficient in the premises." Conceding there is no Missouri authority for this position, respondents rely on and cite the following statement appearing as the last sentence in 35 Am. Jur., Mandamus § 346: "An allegation on information and belief that the relator has no other adequate remedy may not suffice." This derives from Clement v. Graham, 78 Vt. 200, 63 A. 146, Ann. Cas. 1913E 1208, an examination of which will disclose that the question of *verification* was not there involved.

The general statute with respect to verification of pleadings, § 509.030 (which came into our statutory law as § 34 of the new Civil Code of Missouri, Laws 1943, p. 353), provides: "* * * Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit." Our attention has not been directed to any rule or statute such as is contemplated by this section which is applicable in mandamus actions, nor have we been able to find one. We hold this section controls, notwithstanding the fact that mandamus proceedings are in general governed by special procedural statutes (Chapter 529, §§ 529.010-529.100) which were not supplanted by the new Civil Code, there being no provision in such special statutes requiring verification of the petition. See, also, S. Ct. Rule 3.02(c).

■ . The attack upon the sufficiency of the petition for want of material and indispensable averments includes that of relator having "failed to plead a demand upon either of respondents to permit, in the one case, and accept, in the other, the filing of the substitute information." Relator's answer admits that no demand was ever made upon the clerk, and avers that he "was made a party because, as circuit clerk, he was under the supervision and control of the respondent judge." The joinder of the clerk would seem to have been unnecessary, but, for reasons presently to be noticed, it does not follow that he is entitled to quashal of the alternative writ at this stage of the proceedings. The petition alleges that relator "offered and attempted to file a substitute information in lieu of the aforesaid quashed information," and that the respondent judge "refused to permit the relator to file the substitute information." It is not pointed out in what particulars these allegations are insufficient as an averment of a demand as against the judge. In one of the joint pleadings filed by respondents, it was averred that it appears from an exhibit accompanying the petition (and hence "a part thereof for all purposes" under the statute, § 509.130) "that the filing of said substitute information was refused after judicial hearing and in the judicial discretion of respondent Wilcox; that said judicial determination was at the request and upon the motion of relator." Throughout the whole proceeding the clerk has adopted the position of the respondent judge, thus tacitly admitting that if manually tendered to him he would have refused to file the substitute information. In this situation, and in view of the allegations to which reference has been made, respondents will not be heard to complain of any supposed want of an averment of a demand upon them, or either of them.

■ On the merits, respondents' principal contentions are: (1) That the judge held the indictment to be a nullity, in consequence of which substitution of an information therefor does not lie; and (2) that "permitting or refusal of permission to file a substitute information lies in the sound discretion of the trial judge," to interfere with, or control which, mandamus does not lie.

The statute authorizing substitution of an information for a defective indictment is § 545.300, reading as follows: "An information may be amended either as to form or substance at any time before the jury is sworn, but no such amendment shall be allowed as would operate to charge an offense different from that charged or attempted to be charged in the original information. If an indictment be held to be insufficient either as to form or substance, an information charging the same offense charged or attempted to be charged in such indictment may be substituted therefor at any time before the jury is sworn. No amendment of the information or substitution of an information for an indictment as herein provided shall cause a delay of the trial unless the defendant shall satisfy the court that such

"amendment or substitution has made it necessary that he have additional time in which to prepare his defense."

To sustain the first of the contentions just adverted to, respondents rely on the holding in State v. Horn, 336 Mo. 524, 527, 79 S.W. 2d 1044, 1046, that the indictment in that case, being a nullity, could not be cured by the substitution of an information, under the above statute. There the invalidity which resulted in the adjudication of nullity arose from the failure of the grand jury to present the indictment to the court, as required by statute; and, unlike ▉▉▉ the present case, the sufficiency of the indictment to charge an offense was not involved. Here it affirmatively appears that the grounds of defendant's motion to quash on which the court based its ruling were these (to use the defendant's own terminology) : That the indictment failed to state "a *cause of action* * * * against the said defendant," and that it did not "*sufficiently* inform the defendant of the nature and cause of the accusation against him." (Emphasis ours.) It further appears that the court, in ruling such motion, treated the indictment as one attempting to charge the offense of obtaining money under false pretenses (as averred by the motion itself), and assumed that by reason of the further allegation that such offense was committed by defendant while acting as a magistrate, it was intended to satisfy the limitations section (§ 541.200) with reference to prosecutions for corruption in office.

The following excerpts from the stenographic report of the judge's remarks in passing on the motion to quash remove all doubt as to the bases and scope of his ruling. After reviewing numerous authorities, he declared the allegation "that the defendant told the prosecuting witness that it would be necessary to pay him, Olmsted, the sum of $100 for child support for Mrs. Meeks and the further sum of $50 as and for an attorney fee" could not "in any way be construed as a false representation as to a present or past fact or condition, but only a demand that unless such sums were paid to said Olmsted, that the defendant Meeks would not be granted a stay of execution or released from jail prior to the termination of his sentence." It was then added : "This indictment, therefore, does not state sufficient facts to charge defendant with the crime of obtaining money under false pretenses * * * which must be done in order to make it as a basis for a charge of corruption in office * * *. Having found that the indictment is not sufficient to charge the defendant with the crime of obtaining money under false pretenses, it is unnecessary to rule upon the other objections raised by defendant with reference to the statute of limitations or other matters presented in his brief. The motion of defendant to quash the indictment herein is sustained."

No further showing is required to demonstrate the correctness of our conclusion that the indictment was, in the terms of the statute, thus "held to be insufficient as to form or substance," and so made

applicable its further provision that in such case "an information charging the same offense charged or attempted to be charged in such indictment may be substituted therefor at any time before the jury is sworn."

Respondents contend that the language just quoted (and particularly the words "may be") makes such substitution procedure merely permissive, and, therefore, to be exercised only upon prior obtention by the prosecutor of leave of court so to do. State v. Barr, 326 Mo. 1095, 1100, 34 S.W. 2d 477, 479, in dealing with this statute does say that the prosecutor could not substitute an information for an indictment without leave of court, but this appears to have been obiter because the instance there presented was clearly not within the statute, the indictment not having been held insufficient, nor was the attempted substitution made before the jury was sworn. To this extent the Barr case is not authoritative, nor any longer to be followed. However, in the much later case of State v. Mandell, 353 Mo. 502, 508, 183 S.W. 2d 59, 61 (decided by the court en banc), the authority of the prosecutor under this statute, in instances where an indictment has been held insufficient, was declared to be the same as "in cases where a defendant has been bound over to the circuit court by a justice of the peace." The authorities are uniform in holding that in the latter situation it is not required that leave of court to file an information be first obtained. Of these, State v. Jones, 168 Mo. 398, 401, 68 S.W. 566, 567, is typical, where it was said that since the adoption of the constitutional amendment making indictments and informations concurrent remedies, "a felony may be prosecuted upon information filed by the prosecuting attorney *and without leave of the court first had and obtained.*" (Emphasis the present writer's.) See, also, State v. Kyle, 166 Mo. 287, 306, 65 S.W. 763, 769; State v. Parks, 165 Mo. 496, 65 S.W. 1132; State ex. rel. Thrash v. Lamb, supra; Anno.—"Leave of court to file information"—120 A.L.R. 358.

The prosecutor's right to file an information without obtaining leave of court existed before the enactment of the statute. We find nothing either in the language or the scheme of the statute to indicate a purpose to prescribe any other or different practice in that regard as to cases falling within its purview. We think it clear, and accordingly hold that the statutory right of the state to substitute an information for a defective indictment was intended to be exercised by the prosecuting attorney in his discretion. Nor has the court any more power or authority to control the exercise of that discretion than in cases of dismissals, a subject upon which the court en banc has just spoken. See State ex rel. Griffin v. Smith. J., 363 Mo. 1235, 258 S.W. 2d 590, decided June 8, 1953.

This leaves only questions concerning the propriety of mandamus as affected by the existence and adequacy of other remedies, if any, and the disclosures in that regard by allegations of the petition.

The first proposition is that although relator averred he was "remediless in the premises by or through ordinary process or proceedings at law," it is nevertheless indispensable to the sufficiency of his petition that he "state the reasons, if any, why he has no such remedy." We do not agree. It is sufficient if the facts alleged disclose that there is no adequate ordinary remedy.

Respondents further assert that four complete and adequate remedies at law are open to relator, "any one of which bars issuance of the peremptory writ." These are enumerated as (1) appeal under § 547.210; (2) writ of error under § 547.230; (3) certiorari; and (4) "the filing of a new information (if a sufficient charge can be drawn) in the proper forum and proceeding ab initio from that court."

The prosecutor does not contend that any error was committed by the court in quashing the indictment for failure to state facts sufficient to charge the offense attempted to be charged. Consequently, with no error complained of, or to be corrected, there would be nothing to review by appeal or error, so that any attempt by the state in that direction would be utterly futile.

Even though certiorari might lie, it would be less efficacious than mandamus because the effect of the latter would be not only to reach and set aside the court's order denying the prosecutor the right to file the substitute information, but also speedily bring the whole matter to a close by imperatively requiring that he be allowed so to do.

The prosecutor's right to file a substitute information, as hereinabove held, means, of course, in the same action in the same court. It is the enforcement of that right which relator is here seeking—not some substitute for it, as by instituting a new action. In this situation, the prosecutor will not be remitted to some other forum to begin the prosecution anew, with its attendant (and unnecessary) expense, delay and inconvenience, including the matter of according the accused a preliminary notwithstanding the grand jury's previous investigation and resulting indictment.

We are forced to the conclusion that the facts abundantly disclose that ordinary legal remedies are inadequate to afford petitioner relief, and that respondents' contentions in that regard must be disallowed. We have treated of the several propositions which, as respondents say in their brief, "contain the whole of their attack upon the alternative writ." Consequently, we have not noticed the question of limitations, nor any other matter raised in the trial court and abandoned here.

The alternative writ of mandamus should be, and it is, made peremptory. All concur.