STATE OF MISSOURI ex rel. JOSEPH M. BONE, Prosecuting Attorney. of Audrain County, Missouri, Relator, v. HONORABLE GEORGE P. ADAMS, Judge of the Circuit Court of Audrain County, Missouri, Respondent, No. 45298—291 S. W. (2d) 74.

Court en Banc, June 11, 1956.

*Joseph M. Bone* per se.

1016

*Van Matre & Van Matre* for respondent.

[75] HYDE, J.—Mandamus to require respondent Judge to accept jurisdiction of the misdemeanor case of State v. Hitz, filed in the Magistrate Court of Audrain County and certified to the Circuit Court upon an application and affidavit for a change of venue under

1018

the provisions of Section 517.520. (All statutory references are to RSMo. and V.A.M.S.) The question for decision is the constitutionality of the provision of Section 517.520 for certification of a case to the Circuit Court for trial, upon the filing of an affidavit requesting change of venue on the grounds stated in Section 517.510 for disqualification of the magistrate, in the event there is no other magistrate in the county.

Section 543.160 authorizes a change of venue in misdemeanor cases in magistrate courts under the same conditions as provided for a change of venue from magistrate courts in civil cases and provides that the same procedure shall be followed. (See Sec's. 517.510, 517.520, 517.530.) It is admitted in the pleadings that defendant Hitz was charged with a misdeameanor on an information filed in the Magistrate Court of Audrain County; that Hitz filed an application and affidavit for change of venue on the ground of the magistrate's bias and prejudice; and that the case was certified to the Circuit Court of Audrain County and a transcript filed in the office of the Circuit Clerk. It is stipulated that there is only one magistrate in Audrain County. It was also admitted that the case was docketed in the Circuit Court but the Judge indicated he would rule that the Circuit Court had no jurisdiction and intended to order the [76] case remanded to the Magistrate Court. It is contended on behalf of respondent that Sections 5 and 6 of Article V of the 1945 Constitution and Rule 11.05 promulgated by this Court under the authority of Section 6 subsequent to the enactment of Section 517.520 has wholly and completely replaced the provisions of that section for transfer of cases from magistrate courts to circuit courts, relying upon Pogue v. Swink, 364 Mo. 306, 261 S. W. (2d) 40 and State ex rel. Creamer v. Blair, 364 Mo. 927, 270 S. W. (2d) 1. It is said that these cases have ruled that the above cited constitutional provisions "abrogated all existing change of venue statutes to the extent that such statutes provide for change of venue for the sole purpose of effecting a change of judge."

However, these cases consider statutes relating to circuit courts (Sec's. 508.090, 508.100, 508.140) and were based not merely on the provision of Section 6, Article V, giving the Supreme Court authority to make temporary transfers of judicial personnel and establish rules with respect thereto. Instead they mainly relied on the new provision of Section 15, Article V authorizing any circuit judge to sit in any other circuit at the request of a judge thereof and the repeal of the old provision of Section 29, Article VI of the 1875 Constitution (limited to circuit courts) for the General Assembly to make such additional provision for holding court as may be found necessary in any case where the judge cannot preside. (261 S. W. (2d), l.c. 44.) These statutes concerning change of venue in circuit courts, when a change of judge was sought, which we held were in conflict with the

1945 Constitution, were enacted under this provision of our former Constitution. Thus the situation was that the former constitutional provision for these statutes was repealed and replaced by new constitutional provisions for substitution of a judge either by direct request of the circuit judge to another circuit judge or by asking the Supreme Court to transfer a judge. We held this new all-inclusive plan for transfer of judges, which replaced the provision of Section 29, Article VI of the 1875 Constitution, authorizing the Legislature to make necessary provisions for holding court under such circumstances, was a repeal by implication of these statutes based on that repealed constitutional provision. (270 S. W. (2d), l.c. 6.) However, we pointed out (270 S. W. (2d), l.c. 6) that "this does not mean that the Legislature has no authority over the subject of change of venue or that the statutes stating grounds for change of venue or disqualification of judges have been repealed."

The situation in this respect as to magistrate courts is very different from that of the circuit courts. In the first place, there is no constitutional provision authorizing a magistrate to sit in any other magistrate court at the request of another magistrate. Thus there is no new all-inclusive plan provided for change of judge for magistrate courts as there is for circuit courts. Furthermore, no previous constitutional provision as to magistrate courts was repealed by the 1945 Constitution because magistrate courts were created for the first time by the 1945 Constitution. (Sec's. 18-21, Art. V.) Moreover, by that Constitution, the Legislature is authorized to provide by law (consistent with the Constitution) "the practice, procedure, administration and jurisdiction of magistrate courts" (Sec. 20, Art. V), which was to be the same as previously provided by law for justices of the peace until otherwise provided by the Legislature. Clearly this authorized the Legislature to provide the procedure for change of judge on application of a party as well as the grounds therefor. Likewise, Section 14, Article V, 1945 Constitution gives the Legislature authority to make provisions concerning the jurisdiction of circuit courts in both criminal and civil cases. Thus it is apparent that the General Assembly had ample authority to enact Section 517.520 and the questioned certification provision thereof unless it is in conflict with some constitutional provision. Respondent contends the conflict is with our authority, under Section 6, to make rules concerning temporary transfers of judicial personnel and Rule 11.05 we have made thereunder.

[77] It is true as respondent contends that a rule of practice and procedure established by this Court under the authority of Section 5 or a rule concerning temporary transfers of judicial personnel established under the authority of Section 6 (Art. V, Const.) would prevail over a previously enacted statute, if there was a direct conflict. (See Winberry v. Salisbury, 5 N.J. 240, 74 Atl. (2d) 406;

George Siegler Co. v. Norton, 8 N.J. 374, 86 Atl. (2d) 8.) The authorities cited by relator (14 Am. Jur., p. 357, Sec. 152; 15 C.J. Sec. 288, p. 909; State ex. rel. Plummer v. Gideon, 119 Mo. 94, 24 S. W. 748, 41 Am. St. Rep. 634; Hermann Savings Bank v. Kropp, 266 Mo. 218, 181 S. W. 86; State ex rel. Pedigo v. Robertson, 181 S. W. 987) do not refer to rule making power authorized by the Constitution and are not in point. While there are definite limitations on our power to make rules of practice and procedure under Section 5 (and the Legislature is given power to annul or amend them) there are no such limitations on our power to make rules under Section 6. Since we have made no rules under Section 5 concerning change of venue or change of judge in magistrates courts, on application and affidavit of a party, there is no issue in this case as to statutory conflict with anything we have done under Section 5. Rule 11.05, adopted under Section 6 (adopted Nov. 14, 1949), which respondent says is in conflict with Section 517.520 (enacted in 1946, see Laws 1945, pp. 765, 789), is as follows: "Under Section 6 of Article 5 of the Constitution the Supreme Court may temporarily transfer to the Probate Court or Magistrate Court of any county either a circuit judge, a probate judge, a judge of a magistrate court or a probate judge who is also judge of the magistrate court of his county. When a judge is so transferred he shall have the same powers and responsibilities as judge of the court to which he is transferred and may hold court at the same time either with or separately from the regular judge or judges of said court."

Our conclusion is that this rule was not intended to supersede and does not conflict with Section 517.520, which was in effect at the time we promulgated it. This Rule merely states our discretionary power to transfer judges to magistrate courts, specifies what judges we will transfer and establishes the rights, powers and responsibilities of judges so transferred. It does not state the specific situations or cases in which we will order a transfer; and it does not even purport to establish any conditions, practice or procedure to *entitle* a party to obtain a change of judge. While we, no doubt, have authority to do that under Sections 5 and 6, we have not done so and until we do the practice and procedure enacted by the Legislature is certainly valid and continues in full force and effect. There are many situations, other than on application and affidavit of disqualification made by a party, in which it would be necessary or advisable for this Court to temporarily transfer a judge to a magistrate court. Some of them are voluntary disqualification by the judge of the magistrate court, his temporary absence or illness, his call to military service in war time which occurred in some courts during World War II, an unfilled vacancy in the office due to death or resignation, or an overloaded docket which requires additional judicial manpower to make it current. Rule 11.05 is adequate to

authorize transfers in all of these situations and many others. In short, Rule 11.05 covers situations in which we may exercise our discretionary power of transfer. Section 517.520 covers a specific situation of change of venue as a matter of right on application of a party; Rule 11.05 covers all discretionary transfers of judicial personnel as the interest of justice requires. Whatever our power may be to provide mandatory methods and procedure for change of judge for cause on application of a party, in magistrate courts, we have not undertaken to exercise it and thus the only method and procedure therefor is that provided by Sections 517.510 and 517.520. (We have provided such procedure for criminal cases in circuit courts by Rule 30, particularly 30.12, 30.13, 30.14, and in the St. Louis Court of Criminal Correction, 30.15.) We, therefore, hold that Section 517.520 is constitutional [78] and valid and vests jurisdiction in the Circuit Court in the situation herein involved.

The alternative writ requiring respondent to assume jurisdiction is made peremptory. All concur.