**STATE of Missouri, Respondent,**

**v.**

**Johnnie RANSOM, Appellant.**

**No. 51930.**

Supreme Court of Missouri,
Division No. 2.

Feb. 13, 1967.

Motion for Rehearing or to Transfer to
Court En Banc Denied
March 13, 1967.

Lewis R. Mills, St. Louis, for appellant.

Norman H. Anderson, Atty. Gen., Jefferson City, James P. Jouras, Sp. Asst. Atty. Gen., Kansas City, for respondent.

DONNELLY, Judge.

Appellant, Johnnie Ransom, was convicted of selling amphetamine hydrochloride, a stimulant drug, under § 195.240 RSMo 1959, V.A.M.S., by a jury in the Circuit Court of the City of St. Louis, Missouri, and his punishment under the provisions of the Habitual Criminal Act, § 556.280 RSMo 1959, V.A.M.S., was assessed at imprisonment in the custody of the State Department of Corrections for a term of two years. Following rendition of judgment and imposition of sentence an appeal was perfected to this Court.

Appellant was tried under an indictment which, in part charged: "THAT JOHNNIE RANSOM in the City of St.

Louis, State of Missouri, on the 13th day of May, 1965, did unlawfully and feloniously sell to one THOMAS ROOKS, a certain stimulant drug, to-wit: 0.15 grams of AMPHETAMINE HYDRO-CHLORIDE, at and for the price and sum of three dollars in legal currency of the United States of America, in violation of Chapter 195, Section 195.240, Revised Statutes of the State of Missouri, 1959."

William Storer, a criminologist with the St. Louis Police Department, testified for the State. He stated that he analyzed the contents of the foil packet sold by appellant and his analysis showed that the foil packet contained amphetamine hydrochloride. He testified further as follows:

"Q Now, Mr. Storer, I would like to show you State's Exhibit No. 2; do you know what this is? A Yes, sir.

"Q What is it?

"A The document bears among other titles, lists of drugs, barbiturates, and Amphetamine Law."

\* \* \* \* \* \*

"Q Is the drug that you refer to upon that list, Mr. Storer?

"A Yes, sir. The drug falls under the section described here on the list.

"THE COURT: What section is that?

"THE WITNESS: Under the list entitled 'List of Stimulants. Amphetamines.' There is a definition of Amphetamine. 'Any stimulant drug consisting of phenylisopropylamine and all derivitives thereof.' This drug Amphetamine Hydrochloride falls under this clause.

\* \* \* \* \* \*

"THE COURT: It appears to me Amphetamine only appears two places on this page; one, it's Amphetamine Sulfate, USP, and the bottom line is Nicotinyl Amphetamine. What makes you think that Amphetamine Hydrochloride is included when it only mentions Amphetamine Sulfate?

"THE WITNESS: Amphetamine Hydrochloride is a solid form of phenylisopropylamine. The list described here is a partial list of the many types of amphetamine derivatives that are available.

"THE COURT: Is Amphetamine Sulfate also a solid form?

"THE WITNESS: Yes, sir.

"THE COURT: Would it be a different kind of solid form from the hydrochloride amphetamine?

"THE WITNESS: Not really, not in its action, no, sir. It is just one of the many solid forms in which Amphetamine may appear.

"THE COURT: Amphetamine is mixed with another chemical apparently?

"THE WITNESS: Yes, sir.

"THE COURT: To make Amphetamine Sulfate?

"THE WITNESS: That's correct. Amphetamine itself is a clear liquid and in order to make it dispensible, usable, it's prepared into a solid form, one of many salts, when I say salt, it might be Amphetamine Hydrochloride or Amphetamine Sulfate, Amphetamine phosphate. They all, each contain the basic drug, they are the basic drug Amphetamine.

\*   \*   \*   \*   \*   \*

"THE COURT: \* \* \* What would Amphetamine have to be mixed with to be Amphetamine Hydrochloride?

"THE WITNESS: Another material containing hydrochloride to transform the liquid amphetamine into a solid form or pill state."

We are of the opinion that the law announced in State v. Bridges, Mo.Sup., 398 S.W.2d 1, controls our disposition of this case. It was incumbent on the State to prove that "\* \* \* the compound in question is not a derivative of amphetamine but rather a \* \* \* mixture containing the proscribed drug amphetamine itself."

State v. Bridges, supra, 398 S.W.2d 1. c. 6. The State's case fails in this regard. This failure is understandable. The case was tried November 15 and 16, 1965. The opinion in the Bridges case was adopted January 14, 1966.

The indictment charged a sale of amphetamine hydrochloride. Amphetamine hydrochloride was not included on the list filed by the Division of Health. If amphetamine hydrochloride is a derivative of amphetamine, the proof does not show the commission of an offense under § 195.240 RSMo 1959, V.A.M.S. As in the Bridges case, the judgment must be reversed and the case remanded for such proof by the State as is available to it.

Reversed and remanded.

All of the Judges concur.