**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**John STARKS, Defendant-Appellant.**

**No. 52157.**

Supreme Court of Missouri,
Division No. 1.

Sept. 11, 1967.

Motion for Rehearing and to Transfer to
Court En Banc Denied Oct. 9, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Dennis J. Quillin, Sp. Asst. Atty. Gen., Clayton, Howard L. McFadden, Asst. Atty. Gen., Jefferson City, for respondent.

Stanley E. Goldstein, St. Louis, for appellant.

HENLEY, Presiding Judge.

Defendant was charged by information with unlawful possession of a stimulant drug, amphetamine hydrochloride. Section 195.240 (all references to statutes are to RSMo 1959, V.A.M.S., unless otherwise indicated). A jury was waived; he was tried before the court and found guilty; his motion for new trial was overruled and he was sentenced to imprisonment for five years. Section 195.270. He appeals. The case comes to the writer on reassignment.

The information, alleging prior felony convictions, charged that defendant " * * on October 15, 1965, at the City of St. Louis aforesaid, did unlawfully and feloniously have in his possession a drug which is designated by the Missouri State Division of Health to be a stimulant, to-wit: an amount of 0.098 grams of Amphetamine Hydrochloride in violation of Chapter 195, Section 195.240 Revised Statutes of the State of Missouri, 1959."

The evidence showed that on the above date, around 11 p. m., two St. Louis police officers were cruising west in the 4400 block of Delmar when they saw defendant and a companion, walking east on Delmar, turn and walk on to the parking lot of a gas station. Defendant had his hands behind his back and the officers observed an object drop from behind him and fall between his legs. It was a flat packet approximately an inch or so square, silver or aluminum foil in color, light in weight and it glinted and fluttered as it fell. The officers testified defendant denied having dropped anything or any knowledge of the packet. The packet was found on the ground behind defendant, close to his right foot. The packet contained a "white powderish substance." Defendant's counsel stipulated that the contents of the packet were checked by the laboratory technician and that "this package contained amphetamine", .098 grams.

There was no proof by anyone as to what amphetamine hydrochloride is.

In State v. Bridges, Mo., 398 S.W.2d 1, the charge against defendant specified "amphetamine hydrochloride" and the proof showed the substance in question was amphetamine hydrochloride. The state contended that the indictment charged distribution of amphetamine itself, because amphetamine hydrochloride is not a derivative but a compound or mixture containing the proscribed drug amphetamine. But there was no proof to support that contention. The conviction was reversed and the cause remanded to give the state an opportunity to produce such proof as it could that " * * * the compound in question is not a derivative of amphetamine but rather a compound or mixture containing the proscribed drug amphetamine itself." See also: State v. Ransom, Mo., 412 S.W.2d 125.

In this case the information charges defendant with possession of "amphetamine hydrochloride", but the proof shows the packet contained amphetamine; hence, there is no question involved here, as there was in Bridges, supra, requiring proof that the substance in the packet was not a derivate of amphetamine but was a compound containing amphetamine. The proof it that it *was* amphetamine.

Defendant contends the information is fatally defective and charges no offense, because it charges possession of amphetamine hydrochloride, a drug not designated a stimulant or barbiturate drug by the Division of Health on the list filed with the Secretary of State pursuant to § 195.230. On the date of the alleged offense amphetamine hydrochloride was not on the list of proscribed drugs, but the statute itself proscribed possession of amphetamine. The state contends in this case, as it did in Bridges and Ransom, supra, that the information is not defective, because " * * * the drug amphetamine hydrochloride is a compound or mixture containing the proscribed drug amphetamine itself." There is no evidence in the record to support this contention.

The drug bearing the name amphetamine hydrochloride had not at the time of the alleged offense been designated by the Division of Health to be a stimulant; therefore, it was not a proscribed drug. The information charges defendant with possession of a drug not then proscribed by law; therefore, the information is defective, states no offense, and the judgment must be reversed.

Should the case be remanded to permit the state to amend the information to allege the offense it attempted to charge and the proof supported? We think so.

Criminal Rule 24.02, V.A.M.R., supplanting §§ 545.290 and 545.300, RSMo 1959, V.A.M.S., provides that an information may be amended " * * * at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." The Rule is as broad as §§ 545.290 and 545.300,[1] which permit amendments in matters of form or *substance* at any time before trial. Section 545.300, first appearing in Laws of 1925, page 194 (§ 3564, RSMo 1929), provides that " * * * no such amendment shall be allowed as would operate to charge an offense different from that charged or *attempted to be charged* in the original information." (Italics added.)

■ An amendment of this information by striking the word "hydrochloride" would not result in a charge of an "additional or different offense." Such an amendment would result only in charging an offense which the original information attempted to charge, that is, possession of a stimulant drug.

In State ex rel. Downs v. Kimberlin, 364 Mo. 215, 260 S.W.2d 552, 556 [5], decided after the effective date of Criminal Rule 24.02, the court, en banc, held that the state could file a substitute information for an indictment the trial court had quashed as not stating facts sufficient to charge a crime. In so holding the court referred to § 545.300 and concluded that the trial court had held that the indictment was " * * * 'insufficient as to form or substance' * * *;" that this ruling of the trial court thereby made applicable the further provision of the statute that " * * * 'an information charging the same offense charged or attempted to be charged in such indictment may be substituted therefor at any time before the jury is sworn.' " It has been said that the right to amend an information is broader than the right to amend an indictment, 42 C.J.S. Indictment

and Information § 232, page 1243 and that the right to amend an information is as broad as the right to amend pleadings in civil cases, except as limited by statute, § 545.290. State v. Hall, 312 Mo. 425, 279 S.W. 102, 108 [10]; State v. Cain, Mo.App., 31 S.W.2d 559, 561 [2].

In State v. Lane, Mo., 371 S.W.2d 261, at 1. c. 264, the court quoted with approval the following pertinent language from State v. Broeder, 90 Mo.App. 156, 167–168: " 'And it seems to us that when the right is given to amend, as to both form and substance, as it is in section 2481 [RSMo 1899], supra, [now section 545.290] the right can not be restricted to such defects as would be cured by the statute of jeofails, after verdict, but exists even if the information failed to state any offense, if it can be clearly gathered from what is stated in the information that the prosecuting attorney intended to charge a particular offense or the violation of a specific statute.' "

■ There can be no doubt that this information clearly shows that the state intended to charge the particular offense of possession of a stimulant drug; the information says so. There can be no doubt that the state intended to charge the violation of a specific statute; the information says specifically that possession of the drug was " * * * in violation of * * * Section 195.240 * * *." There is not the least doubt as to the offense the state intended and attempted to charge; defendant stipulated that the drug he possessed was amphetamine; amphetamine is a stimulant drug. Section 195.220(2). Under these circumstances, to discharge him before an amended information could be filed because this information was insufficient to charge the offense would be a perversion of our Criminal Rules. The state undoubtedly could have amended the information to charge possession of amphetamine before this trial began. Substantial rights of defendant could not be prejudiced by per-

1. State v. Collins, Mo., 383 S.W.2d 747, 749 [3–4].

mitting the state to do upon remand what it could have done before.

The judgment is reversed and the cause remanded.

HOLMAN, J., concurs.

SEILER, J., dissents in separate dissenting opinion filed.

STORCKMAN, J., not sitting when cause was submitted.

## Dissenting Opinion

SEILER, Judge.

I agree with the majority opinion that the information states no offense. However, I do not believe it is subject to amendment and respectfully dissent from that portion of the majority opinion which holds that it is. Since the statute of limitations has not yet expired [1] and there is reasonable ground to believe the defendant could be convicted of an offense under Section 195.240, I would reverse the judgment and recommit the defendant under rule 27.23. This would involve the filing of a new information. However, I would not distort the meaning of rule 24.02 as permitting an amendment where the original information fails to charge an offense.

Rule 24.02 provides an information may be amended " * * * if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." We are concerned here with a statutory crime which makes unlawful the possession of a drug *designated* by the division of health to be a stimulant. The drug with which defendant was charged as possessing was not so designated. Defendant's defense, which the majority opinion upholds, was that it was not an offense for him to have possession of the drug charged, because it was not on the list. This will no longer be a defense under the amended information permitted by the majority opinion. According to State v. Taylor, (Mo.Sup.) 375 S.W.2d 58, the test of whether there is prejudice to the defendant from an amendment is whether the defense under the charge as originally made would be equally applicable after the amendment.[2] Here it would not. As originally made the charge could be defeated by proving the drug named (amphetamine hydrochloride) was not on the list. This defense will not be available against the information as amended, because amphetamine is on the list.

Also, it has been held many times that "a different and distinct offense may not be charged by way of an amended information", State v. Thompson, (Mo.Sup.) 392 S.W.2d 617, 620; State v. Colbart, (Mo. Sup.) 411 S.W.2d 92, 94.[3] Amending the present information by substituting amphetamine for amphetamine hydrochloride will be a change from no offense to an offense, something quite different and distinct from that originally charged, both in name and effect. This is also seen when we observe that the present information would not be a bar to a subsequent prosecution. If the present conviction were to be affirmed (or if, for example, there had been a guilty plea with no appeal involved), defendant who, on the formal record in this case, has

---

1.  State v. Zingher, 302 Mo. 650, 259 S.W. 451, information held not to state an offense, court not authorized to remand for new trial on proper information where statute of limitations had run.

2.  State v. Hall, 312 Mo. 425, 279 S.W. 102, cited by the majority opinion, says the same thing.

3.  In State v. Lane, (Mo.Sup.) 371 S.W.2d 261, despite the language quoted in the majority opinion, the court, at 371 S.W. 2d l.c. 264, was careful to see (1) that there was no change in the offense charged in the original and amended information and (2) that the appellant made no showing he was prejudiced by the filing of the amended information, before it held the court properly permitted its filing.

been found guilty of possessing amphetamine hydrochloride and sentenced to five years' imprisonment, could nevertheless at any time up to October 15, 1968, be charged with unlawful possession of amphetamine on the occasion in question and, assuming the same proof were again made by the state, could be convicted of such charge and sentenced thereon. The present information and verdict would be no bar to such prosecution because the present information does not charge the same offense—it charges possession of amphetamine hydrochloride, not amphetamine.

Although the majority opinion refers to rule 24.02 as supplanting Section 545.300, RSMo 1959, V.A.M.S., it in effect reads rule 24.02 as being as broad as Section 545.-300, which permitted amendments which did not charge an offense different from that "charged *or attempted to be charged*" (emphasis supplied) in the original information. The opinion justifies the amendment on the ground it would be only what the original information "attempted to charge". However, by its terms, rule 24.02 is not as broad as Section 545.300. Rule 24.02 is more restrictive, as it permits amendments "if no additional or different offense is charged". If there is a conflict or difference in scope between the two, as it seems there is because of the difference in wording, then rule 24.02, being a rule of practice and procedure, would prevail, under Section 5, Article V, 1945 constitution, over the previously enacted statute, State ex rel. Bone v. Adams, (banc) 365 Mo. 1015, 291 S.W.2d 74, 77; State v. Collins, (Mo.Sup.) 383 S.W.2d 747, 749–750.

The majority opinion cites State ex rel. Downs v. Kimberlin, banc, 364 Mo. 215, 260 S.W.2d 552, decided July 13, 1953, which was after the effective date of rule 24.02, January 1, 1953. But I respectfully submit that the Downs case is not authority for the proposition that rule 24.02 must be read as though it includes the language of Section 545.300 permitting an amendment charging the offense "attempted to be charged". The

Downs case involved an indictment which was quashed September 2, 1952. A substitute information was offered by the prosecutor a few days later, relying on Section 545.300 (rule 24.02 was not then in force). The trial court refused to permit the substitution and the prosecutor sought mandamus from this court. Examination of the briefs shows relator relied on Section 545.300. No mention was made in the briefs or in the opinion of rule 24.02. The substitute information which this court ordered the respondent judge to accept would relate back to its filing date, September 6, 1952, which was prior to the effective date of rule 24.02. It does not appear the decision is authority for the proposition that rule 24.02 is as broad as Section 545.300.

If rule 24.02 were intended to mean the same as Section 545.300 it would appear that the same language would have been used. As it is, it would seem that the narrower language of rule 24.02 indicates a desire to see that defendants have the full benefit of Section 18(a), Art. I, 1945 constitution, which states the defendant has the right "to demand the nature and cause of the accusation". It has been held that criminal statutes are to be construed strictly, liberally in favor of the defendant and strictly against the state, and that this applies to the charge as well as to the proof, State v. Dougherty, 358 Mo. 734, 216 S.W. 2d 467, 471. Thus it does not appear we should construe rule 24.02 as permitting amendments which go beyond its terms, which we do when, as the majority opinion rules, amendments can be made to charge what has been "attempted to be charged".

Even if rule 24.02 is as broad as the majority opinion holds, I do not agree with the majority opinion that there is not the least doubt as to the offense the state intended and attempted to charge. The fact is the statute does not prohibit possession of stimulant drugs in general—it prohibits only the possession of those which have been listed by the division of health. At the time in question the list consisted of

amphetamine, amphetamine sulfate, dextro-amphetamine sulfate, mephentermine, methamphetamine hydrochloride and nicotinyl-amphetamine. The state knew through its laboratory technician that the drug which the defendant had in his possession was amphetamine. If it had intended to charge him with possession of this, all it had to do was to file an information so charging. As it was, the state selected a drug which was not on the list.[4] How does such an information advise defendant that he is really being charged with a drug which is on the list and, if so, which drug?

4. The writer has been unable to find "amphetamine hydrochloride" listed in the medical dictionaries, standard pharmaceutical reference works or texts or Webster's Third New International Dictionary.