Dear Senator Scott:
This letter is in response to your questions asking:
 What qualifications may the Supreme Court, by rule, require of corporate sureties that are insurance companies licensed to do business in this state? May insurance companies be required to list all bonds issued by a company throughout the United States?
Article V, Section 5, Missouri Constitution, states:
 The supreme court may establish rules relating to practice, procedure and pleading for all courts and administrative tribunals, which shall have the force and effect of law. The rules shall not change substantive rights, or the law relating to evidence, the oral examination of witnesses, juries, the right of trial by jury, or the right of appeal. The court shall publish the rules and fix the day on which they take effect, but no rule shall take effect before six months after its publication. Any rule may be annulled or amended in whole or in part by a law limited to the purpose. [Emphasis added.]
Pursuant to this constitutional provision, the Supreme Court of Missouri has promulgated Rule 33.17, which establishes the qualifications of bail bond sureties. In particular, your opinion request refers to subdivision (f) of Rule 33.17, which states:
 A person shall not be accepted as a surety on any bail bond unless:
* * *
 (f) He has no outstanding forfeiture or unsatisfied judgment thereon entered upon any bail bond in any court of this state or of the United States.
* * *
We assume for purposes of this opinion that Rule 33.17(f) is procedural in nature.
The General Assembly of the State of Missouri has also established certain requirements for "bail bond agents", "general bail bond agents", "property bail bond agents", and "surety bail bond agents" in Sections 374.700 to 374.775, RSMo Supp. 1984.
Currently, Section 374.760, RSMo Supp. 1984, states:
 Each general bail bond agent shall file, between the first and tenth day of each month, sworn affidavits with the division stating that there are no unsatisfied judgments against him. Such affidavits shall be in the form and manner prescribed by the division.
Because both of these provisions prohibit bail bond sureties from having certain unsatisfied judgments against them, we assume your question asks whether Section 374.760, RSMo Supp. 1984, may be amended to authorize general bail bond agents to have unsatisfied judgments against them and, if such legislation is passed, whether it would be effective as against Rule 33.17(f).
Supreme Court rules that are procedural supercede previously enacted statutes, if there is a direct conflict. Bone v. Adams,291 S.W.2d 74, 77 (Mo. banc 1956). However, the last sentence of Article V, Section 5, Missouri Constitution, allows the General Assembly to amend a supreme court rule by a law limited to that purpose. Such a law must expressly refer to the rule. State exrel. K.C. v. Gant, 661 S.W.2d 483, 485 (Mo. banc 1983); State exrel. Pressner v. Scott, 387 S.W.2d 539, 543 (Mo. banc 1965). Accordingly, we conclude that the General Assembly may amend or annul a supreme court rule promulgated pursuant to Article V, Section 5, Missouri Constitution, by a law limited to such purpose.
You also ask whether bail bond sureties may be required to list all bonds issued by a company throughout the United States. We conclude that the General Assembly could by legislation or the Supreme Court of Missouri could by rule create such a requirement.
Yours very truly,
 WILLIAM L. WEBSTER Attorney General